# GUY v. GUY.

No. 5080.   Opinion Filed July 20, 1915.

(150 Pac. 1058.)

1. **JUDGMENT—Modification—After Term.** The district court has no power to vacate or modify its judgment on account of "an irregularity in obtaining a judgment or order," under subdivision 3 of section 5267, Rev. Laws 1910, upon a motion filed after the adjournment of the term at which such judgment was rendered and entered.

2. **SAME—Error in Description of Land—Correction—"Irregularity."** Where the alleged error in describing land awarded the wife as alimony in a divorce decree is due to the false testimony of the husband, this is not "an irregularity" under subdivision 3 of section 5267, Rev. Laws 1910, and cannot be corrected upon a motion filed in the original cause more than two years after the decree was entered.

(Syllabus by Galbraith, C.)

*Error from District Court, Marshall County;*

*A. H. Ferguson, Judge.*

Action for divorce by T. J. Guy against Zora Guy. There was a decree for divorce and alimony, and defendant moved to modify the decree. Motion denied. The defendant brings error. Affirmed.

*Geo. E. Rider* and *E. S. Hurt,* for plaintiff in error.

*Albert W. Rison,* for defendant in error.

Opinion by GALBRAITH, C.   A decree of divorce was entered in the district court of Marshall county on the 3d day of December, 1909, in an action by T. J. Guy against Zora Guy, severing the bonds of matrimony between these parties, and decreeing certain real estate located in the city of Madill to the defendant, Zora Guy, as alimony.   On the 7th day of May, 1812, Zora Guy

filed a motion in said cause, alleging an error in the description of the property awarded to her as alimony by said decree, and praying the court to correct the decree so as to correctly describe such property. Notice of the filing and the time of presenting this motion was served upon the counsel for T. J. Guy, and the motion was heard and denied by the court. There was a motion for new trial, which was also denied, and the case has been properly brought here for review.

The error relied upon is that the trial court erred in denying this motion and refusing the relief prayed for therein. It seems from the motion that at the time the decree was entered the defendant and her counsel thought that the property given the defendant as alimony had a frame house located on it, while the property described in the decree embraced only a vacant lot. It is set out, among other things, in the motion, that:

"It was the intention of the court at that time to award to the said Zora Guy as and for alimony a strip of land in said lot 6 which would be 37½ feet wide and 140 feet long, on which was located a house on the west side of said property owned by the said T. J. Guy; that the court in rendering its said judgment and decree relied entirely upon the testimony of the said T. J. Guy as to the description of the property awarded as alimony, and through the mistake and irregularity of said T. J. Guy in misstating the description of the property the same was misdescribed in the decree; and that but for such irregularity and mistake the property hereinbefore described would have been awarded to said Zora Guy as and for alimony."

This motion was verified by the affidavit of the attorney for Zora Guy.

It is apparent from a reading of the motion that counsel intended to bring the application under the third subdivision of section 5267, Rev. Laws 1910, which authorizes the district court to "vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made. * * * Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order." It is contended that the matter in which the error occurred in the description of the property in the decree was an "irregularity" within the terms of the above statute, and could therefore be corrected by motion. However, if it were conceded that the error in the description of the property in the decree was an "irregularity," it does not follow that it could be corrected by motion filed almost three years after the decree was entered. If the motion had been filed at the same term that the decree was entered, the court would doubtless have had the power to correct the decree as prayed in the motion, but at the adjournment of the term at which the decree was entered the same became final, and was not subject to be corrected by motion. In the case of *Stark Bros. v. F. S. Glaser et al.,* 19 Okla. 502, 91 Pac. 1040, the first paragraph of the syllabus reads:

"Under the statutes of this territory, the district court has power to vacate or modify its own judgments or orders at or after the term at which said judgment or order was made. Where the allegations to vacate a judgment are based upon division 3 of section 562 of chapter 66 of Wilson's Statutes of Oklahoma 1903, for irregularity in obtaining a judgment or order, and where the motion to vacate the judgment is made at the same term at which the judgment was rendered, a reasonable notice being given to the adverse party or his attorney, the court has jurisdiction to hear the matter, although the motion is not decided until a subsequent term."

The court, in discussing this statute in *McAdams v. Latham,* 21 Okla. 511, at page 519, 96 Pac. 584, at page 587, where the order sought to be vacated was one granting a new trial, says:

"The plaintiff failing to appeal from the order granting a new trial, after the expiration of the term at which final judgment was rendered, there must be a substantial compliance with the statute to give the court further jurisdiction to modify, vacate, or set aside any judgment rendered at a preceding term."

And further along in the opinion the court say:

"The trial courts, after judgments or decrees or orders have once become final, and the term at which the same was rendered or entered has expired, should be very slow to vacate such judgments, decrees, or orders, especially when the party seeking such action has failed to avail himself of the right to have such action reviewed by the appellate court. Such judgments, decrees, or orders should never be vacated, except where the party seeking such vacation has complied substantially with the provisions of the law provided for the same."

See, also, *Leforce et al. v. Haymes,* 25 Okla. 190, 105 Pac. 644; *Hogan et al. v. Bailey,* 27 Okla. 15, 110 Pac. 890.

We do not agree with the contention of the plaintiff in error that the method of obtaining the decree of divorce and the error, if any, in the description of the property therein was an "irregularity" within the terms of subdivision 3 of section 5267 of the statute. The allegations of the motion rather show that it occurred by reason of the intentional or unintentional false testimony of the defendant in error. False swearing is not an "irregularity" within the terms of the statute. It is plain perjury. In any event, the error could not be cor-

rected by motion, since the motion was not filed at the same term that the decree was entered. The error could only be corrected, if at all, when called to the attention of the court by a verified petition setting up the facts and bringing the defendant into court by summons as in an original action, and a hearing as prescribed by the statute. The denial of the motion was not error.

We therefore recommend that the order appealed from be affirmed.

By the Court: It is so ordered.