## JONES v. GALLAGHER.

No. 6914—Opinion Filed May 8, 1917.

Rehearing Denied June 6, 1917.

(166 Pac. 204.)

(Syllabus by the Court.)

1. **Judgment—Correction of Mistake—Power of Court.**
The courts of record of this state have power to correct a mistake of the clerk in the entry of a judgment or order on the journal so as to make the same conform to the judgment actually pronounced, or the order actually made by the court at the time.

2. **Same—Correction—Method.**
The correction may be made by an amendment after the term at which the judgment or order was pronounced, or the entry was made, upon motion of a party and upon reasonable notice to the opposite party, and opportunity to appear and show cause against the proposed correction.

3. **Same—Amendment—Evidence.**
Such amendment may be based on any competent evidence, parol as well as written, which is satisfactory and convincing. Record evidence or evidence quasi of record is not essential, but where there is not such evidence, the court should act with great care and caution.

Error from Superior Court, Pittsburg County; W. C. Liedtke, Judge.

Action by J. H. Gallagher against James E. Jones. Judgment of dismissal. Plaintiff thereafter moved to modify the entry of judgment, and from an order correcting the entry, the defendant brings error. Order affirmed.

See, also, 54 Okla. 611, 154 Pac. 552.

Arnote & Anderson, for plaintiff in error.

Robert McMillan, for defendant in error.

MILEY, J. The defendant in error commenced this action in the court below against the plaintiff in error, upon two promissory notes executed by defendant and payable to the plaintiff, and prayed judgment for the amount of principal, interest, and attorney's fees due thereon according to their terms and tenor. Summons was issued and returned, showing personal service. The defendant below appeared specially, and moved to quash the summons. This motion was never acted upon by the court, but three other summons were for some reason issued and returned, showing defendant not found. Thereafter, on August 6, 1913, the attorney for plaintiff appeared in open court and made the statement to the court that the case might be dismissed, and that he would file his suit in another county where he could get service on the defendant. The court directed the dismissal. The clerk thereupon made the following entry upon the journal of the court (omitting the style and number of the cause):

"Now on this day on motion of the plaintiff herein, it is ordered that this cause be and it is hereby dismissed at plaintiff's cost with prejudice to the bringing of another action."

After the expiration of the term at which this entry was made, and on August 17, 1914, the plaintiff below filed a motion in the original action to modify the said entry of judg-

ment or order "dismissing with prejudice to a future action, so that the same shall be for the dismissal of said action without prejudice to a future action." Notice that this motion would be heard on August 20, 1914, was accepted by the attorneys for defendant on August 18, 1914. Notice was also served on the defendant personally on August 19, 1914. The motion was heard on August 22, 1914, before the same judge who presided at the time of the making of the order. Both parties appeared by counsel; evidence was taken, and the court made an order, finding that the entry of dismissal on August 6, 1913, "is not the judgment which the court intended to render or did render, and that the judgment announced and rendered by the court was that said cause be dismissed upon application of plaintiff without prejudice to a future action," and ordered the journal be corrected and amended to show judgment that the cause be "dismissed upon application of plaintiff without prejudice to a future action." The defendant below, plaintiff in error here, seeks by this proceeding in error to have this order correcting the former entry on the journal reversed. No claim is made in behalf of third persons that their rights were prejudiced by the amendment, and only the parties to the action were affected.

Assuming that an order or judgment of dismissal "with prejudice" on motion of the plaintiff in an action, is authorized by the Code, and that such order is equivalent to an adjudication on the merits, and will operate as a bar to a future action (see Hargis v. Robinson, 70 Kan. 589, 79 Pac. 119), the order of the court complained of amended the entry of dismissal in a material particular.

It is a general, if not the universal, rule that courts, such as the superior courts of this state, have the inherent power at a subsequent term to correct mistakes of the clerk in the entry of judgments or orders on the journal so as to make the record conform to the judgment actually pronounced, or the order actually made by the court at the time. The power has been exercised in cases similar to this. William v. Hayes, 68 Wis. 248, 32 N. W. 44.

If an express grant of such power is requisite, it seems that it is to be found in this state in section 5267, third subd., Rev. Laws 1910, which provides that the district court (by section 5275 made applicable to all courts of record) shall have power to modify its own judgment or orders, at or after the term at which such judgment or order was made for mistake, neglect, or omission of the clerk.

Brownlee v. Davidson, 28 Neb. 785, 45 N. W. 51.

Without seriously questioning such inherent or statutory power, counsel for plaintiff in error contend that the motion and notice given of the proposed correction in this particular case was insufficient, and the evidence was not sufficient to support the order.

The general rule is that a motion in the original cause setting forth the mistake made and correction prayed for, and notice thereof to the opposite party and opportunity to appear and show cause, against the proposed correction, is all that is required. Black on Judgments (2d Ed.) secs. 163, 164; 23 Cyc. 876, 878.

It is provided that the statutory proceeding to correct mistakes or omissions of the clerk shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. Section 5268, Rev. Laws 1910.

Counsel contend that the proceeding must be by verified petition, setting forth the judgment or order, and the grounds to vacate or modify it, upon which summons shall issue and be served as in the commencement of an action. The only authority cited as supporting them is Guy v. Guy, 50 Okla. 233, 150 Pac. 1058. We think counsel misconstrue the opinion in that case. What was said as to the proper procedure was not intended to apply to the vacation or modification of judgments upon the grounds mentioned in the third subdivision of section 5267, Rev. Laws 1910. It was held in that case that a mistake in the description of property in a judgment occasioned by false testimony of a party is not an irregularity in obtaining a judgment within the meaning of the third subdivision of the statute, and that the error, not being occasioned by irregularity in obtaining the judgment, could not be corrected upon motion, but, if at all, by verified petition, and summons thereon as in an original action. While not so stated, the court no doubt had in mind that the grounds for modifying a judgment under those circumstances were to be found, if at all, in the fourth subdivision of the statute, and under section 5269 the proceeding upon those grounds must be by verified petition, summons, etc. However, to settle any possible doubt we expressly overrule that decision in so far as it is possible to construe it as holding that a proceeding to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, may not be by motion upon reasonable notice to the adverse party or his attorney in the action. We think the procedure followed in the instant case was cor-

rect. But it is further contended that the defendant below did not have sufficient notice in point of length of time. Assuming that the notice to the attorneys was ineffectual, because they had been employed specially to quash the summons and had not authority to represent the defendant generally, we think the service of the notice on defendant personally was sufficient. He had opportunity and did consult counsel two days before the motion was heard. He was represented at the hearing by his attorneys. He does not claim that he had not sufficient time to prepare for the hearing or to obtain his evidence, and did not ask for further time for any reason or any purpose. Under these circumstances we think the notice and time allowed was sufficient.

The entry on the clerk's minutes, and also on the judge's bench docket, all in the handwriting of the clerk, were to the effect that the case was dismissed, "with prejudice"; there was no minute, memorandum, or writing of any character whatever introduced in evidence to indicate that the judgment or order of the court was in reality dismissing the cause "without prejudice." The finding of the court that the entries made by the clerk were not the judgment which the court intended and did render, and that the court intended and did render judgment dismissing "without prejuice," is supported by parol testimony alone. Counsel for plaintiff in error earnestly contend that this character of evidence is not sufficient, and that of record or quasi of record is essential.

There are many respectable authorities supporting this view; on the other hand, there are many supporting the view that record evidence or evidence quasi of record is not essential to show what judgment or order was actually rendered, and that any competent evidence which is satisfactory and convincing is sufficient.

We think that, while there is much to be said in favor of the former, the latter view is supported by sound reason, will tend to a more perfect administration of justice, is better suited to our conditions and wants, and accords with the weight of modern authority. It would require considerable labor and extend this opinion beyond any reasonable length to undertake a review and analysis of the English and American case law on the subject. And such is unnecessary in view of the fact that the author in Black on Judgments (2d Ed.) sec. 165, has, as we think, correctly summed up the matter in a very clear and concise paragraph. We quote:

"The rule that 'a record can only be amended by matter of record' seems to rest in the last analysis, upon the rule that 'a record imports absolute verity.' Without losing sight of the extreme importance of securing stability and authority to the solemn memorials of the courts, we may still conceive that this rule, if applied with full rigor and severity, might in many cases produce the greatest hardship and injustice. But it is evident to a student of American case law that we are gradually working away from the old standards in this respect. The courts are more and more disposed to a liberal practice and to look to the full and perfect administration of justice, rather than to buttress up the sanctity of records by forbidding inquiry into their truth. Hence it is not improbable that the policy of permitting judgments to be amended upon cause shown by any proper and satisfactory evidence will ultimately prevail. Certainly it is a policy commended by reason and justice, and still more by the loose way in which the records of our courts are but too frequently made up. To shut out any light which could help to make the records accurate, complete, and right in themselves appears to show a too superstitious reverence for the litera scripta."

To apply the rule contended for by counsel for plaintiff in error to the facts of this case would perhaps defeat what may be an entirely meritorious cause of action, and work a denial of justice to the defendant in error solely by reason of a clerical mistake in recording the order actually made and intended to be made by the court. We do not lose sight of the extreme importance of securing stability and authority to the solemn records of the courts, and of imparting to them absolute verity. This, as was well said in School District v. Bishop, 46 Neb. 850, 65 N. W. 902, "is of itself a sufficient reason for sustaining the power of the court making the record to see that it becomes in fact what it is in law, an absolutely truthful record of what in fact occurred."

While we adopt the rule that an entry of a judgment or order may be corrected at a subsequent term so as to conform to the judgment rendered or order made by the court at the time upon parol proof alone, we think the rule should be applied with great care and caution, and a correction or amendment ordered upon this character of evidence only when it is clear, satisfactory, and convincing. Frink v. Frink, 43 N. H. 508, 80 Am. Dec. 189, 82 Am. Dec. 172; Martindale v. Battey, 73 Kan. 92, 98, 84 Pac. 527; Graden v. Mais, 83 Kan. 481, 484, 112 Pac. 107. We have carefully read and considered all the evidence in this case, and in view of the surrounding circumstances at the time the order of dismissal was made, we are convinced that the court did not

order the cause dismissed "with prejudice," and have not the least doubt that the entry made is the result of a mistake on the part of the clerk, and that the order of correction was proper and warranted by the evidence.

The rule followed by us in this case is not necessarily in conflict with that announced in Bank of Kingfisher v. Smith, 2 Okla. 6, 35 Pac. 955, and followed in Boynton v. Crockett, 12 Okla. 57, 69 Pac. 869. The first of those cases involved an order nunc pro tunc settling and signing a bill of exceptions, when there was not only wanting record evidence to show that it was presented in time, but even wanting to show that it was, in fact, presented at all. In the second case it was held that when there was no record, minute, memorandum, or monument that a motion for new trial had ever been acted upon by the court, an order nunc pro tunc overruling the same could not be based on oral evidence alone. In the instant case there was abundant record evidence of the fact that a judgment or order of dismissal had been rendered, and the question was whether the judgment or order had been correctly entered.

The distinction that may be drawn between those cases and this is stated in Black on Judgments, sec. 135, as follows:

"But the general balance of authority seems to be with the cases holding that so far as concerns the question whether a judgment was ever rendered, that fact must be established by record evidence, and cannot be proved by parol—a rule which, if conservative, is also entirely safe. * * * But when the fact that a judgment was formally rendered is established by record evidence, it seems entirely reasonable to admit parol proof for the purpose of showing its date, character, and terms, and the relief granted, and it is so held by many respectable authorities."

The exact question decided in Bank v. Smith, supra, and Boynton v. Crockett, supra, not being involved, we express no opinion thereon. However, those cases were criticized in Clark v. Bank of Hennessey, 14 Okla. 572, 79 Pac. 217, 2 Ann. Cas. 219, in which it was held:

"While there are some authorities holding to the contrary view, as expressed in the authorities cited, that the district court has an inherent authority to amend its records so as to make them speak the facts, and that this power extends as well to supplying omissions as to correcting mistakes, and that in the exercise of that power the court is not confined to an examination of the judge's minutes or written evidence, but may proceed upon any satisfactory evidence."

The order of the court below is affirmed.

All the Justices concur.