### McCORNACK et al. v. FLEMING.

No. 8082—Opinion Filed Dec. 11, 1917.

Rehearing Denied May 21, 1918.

(172 Pac. 952.)

**1. Judgment—Vacation or Modification After Term—Power of District Court.**

The district court has no power to vacate or modify its judgment on account of "an irregularity in obtaining a judgment or order," under subdivision 3 of section 5267, Rev. Laws 1910, upon a motion filed after the adjournment of the term at which such judgment was rendered and entered.

**2. Same.**

The power of the trial courts to vacate or modify their judgments or orders at or after the term does not authorize the setting aside of a judgment or final order at a subsequent term for mere errors of law which were properly subject to review upon motion for new trial at the term when rendered or made.

**3. Mortgages—Confirmation of Sale—Irregularities—Consideration.**

Where objections to confirmation of sale of mortgaged premises under foreclosure, raised no jurisdictional question, and are directed merely at certain irregularities in the trial of the cause, such irregularities are concluded by the judgment rendered; and, upon failure of defendant to except thereto and appeal therefrom, said errors cannot be considered.

(Syllabus by West, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action on notes and to foreclose a mortgage by Fred W. Fleming against James M. McCornack and Elizabeth J. McCornack. Judgment for plaintiff, with order of sale,

motion to vacate judgment overruled, and J. H. Everest, assignee under the sale, moved to confirm the sale, and from an order confirming the sale, defendants bring error. Affirmed.

W. F. Harn, for plaintiffs in error.

Everest & Campbell, for defendant in error.

Opinion by WEST, C. This case was originally instituted in the district court of Oklahoma county on the 9th day of June, 1914, by Fred W. Fleming against John M. McCornack and Elizabeth J. McCornack, to recover on a principal note for $10,000 and three commission notes of $750 each, and foreclosure of mortgage. The parties will be referred to herein as they appeared in the court below.

Defendants filed answer, and on January 21, 1915, plaintiff appeared in person and by attorney and defendants appeared by attorney, and upon trial of said cause judgment was rendered on said date in favor of plaintiff and against defendants in the sum of $11,614.48, with interest at the rate of 10 per cent. per annum and $1,000 attorney's fee as stipulated and set forth in the mortgage. On August 6th, plaintiff had execution and order of sale issued upon this judgment, and on August 7th, sheriff advertised said property to be sold on September 7th. On August 25, 1915, defendants filed motion to vacate judgment; same was overruled. On September 20th special execution or order of sale was returned by sheriff, showing the property had been sold to J. H. Everest, assignee. On September 22d the assignee filed motion to confirm sheriff's sale. On September 25th defendants filed objection to and motion to set aside sheriff's sale. On October 9th defendants filed objection to the confirmation of sheriff's sale, and on same date the court overruled said motions, and confirmed said sale, from which order defendants have appealed, and bring the action of the court upon the objection to the confirmation of the sale here for review.

There was no motion for new trial filed, no appeal taken to review the action of the trial court in rendering the original judgment, and the matters raised here upon the motions objecting to the confirmation raises no jurisdictional questions, and only attacks certain irregularities with reference to the trial of said cause. Defendants, on page 33 of their brief, use the following language.

"In this appeal two general propositions are involved, namely, the validity of the original judgment (on which the sheriff's sale is based), and the validity of the sale itself and the order confirming and proceedings in connection therewith. The proceedings now before this court is a direct appeal from the judgment overruling the objections to the sheriff's sale and confirming the same."

As we understand the record before us, the only thing to be reviewed is the action of the court overruling the objection to the confirmation of the sale. However, the defendants in their brief argue the grounds raised in their motion to vacate the judgment, but it does not appear that any appeal was taken from this action of the court. However this may be, this motion was filed after the term at which the original judgment was rendered, and raises no jurisdictional question and no question enumerated in section 5267, Rev. Laws 1910, which may be raised by motions of the kind filed, and only attacks certain irregularities of the trial court in arriving at the amount of the judgment. Practically the same errors are assigned in both motions, some of which might be well taken if exceptions had been saved at the trial, and had been raised upon appeal from the original judgment, but this is not the case, and not one of them came within the class that may be urged here upon an appeal from the action of the court upon objections filed, for the reason that the court had jurisdiction of the subject-matter, jurisdiction of the parties, and judgment was after all parties appeared at the trial, and no motion for new trial filed and no appeal taken from the action of the court in rendering the judgment.

The questions raised are: First, that the cause was not regularly docketed upon the trial calendar for the term at which it was heard; second, that too much interest had been included in computing the amount of the judgment; third, that the property was sold for an inadequate consideration, and other objections which could not be seriously considered. If the motion directed at the computation of the interest had been directed at the excess, and shown wherein the court was wrong, it might have been available; but this was alleged as a reason for vacating the entire judgment, and it was alleged that said judgment was void because it contained an overcharge of interest.

From the reading of the record in this case it appears to have been an appeal to delay the effect of the judgment rather than to correct errors thereof. However, none of the matters alleged in said motions would render the judgment void, and are, as we

think, concluded by the decree rendered and the failure of the defendants to except thereto and appeal therefrom. Said errors cannot now be considered upon the motion before this court. In case of Guy v. Guy, 50 Okla. 233, 150 Pac. 1058, first paragraph of the syllabus is as follows:

"The district court has no power to vacate or modify its judgment on account of 'an irregularity in obtaining a judgment or order,' under subdivision 3 of section 5267, Rev. Laws 1910, upon a motion filed after the adjournment of the term at which such judgment was rendered and entered."

See McAdams v. Latham, 21 Okla. 511, 96 Pac. 584; Le Force v. Haymes, 25 Okla. 190, 105 Pac. 644.

In case of Clark v. Roman et al., 50 Okla. 780, 151 Pac. 479, the syllabus is as follows:

"The power of trial courts to vacate or modify their judgments or orders at or after the term does not authorize the setting aside of a judgment or final order at a subsequent term for mere errors of law which were properly subject to review upon motion for new trial at the term when rendered or made."

We have carefully read the record, and find no error in the action of the trial court in overruling the motions complained of. Cause is therefore affirmed.

By the Court: It is so ordered.