## CHERRY v. GAMBLE.

No. 14089—Opinion Filed April 1, 1924.

(Syllabus.)

1. Judgment—Grounds for Vacation—Perjured Testimony.

Subdivision 3, sec. 810, Comp. Stat. 1921, which authorizes the court to vacate a judgment because of irregularity in obtaining the same, does not authorize the vacation of a judgment because of perjured testimony of the prevailing party.

2. Same—Extraneous Fraud.

A judgment, obtained by fraud, may be vacated under the 4th subdivision of section 810, Comp. Stat. 1921, but only because of extraneous fraud.

3. Same—Procedure—Pleading.

Where it is sought to have a judgment vacated under subdivision 4, sec. 810, Comp. Stat. 1921, it is necessary to proceed by verified petition and to allege a defense to plaintiff's action.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by Henry Gamble against James Cherry. Petition by defendant to vacate default judgment denied, and he brings error. Affirmed.

H. A. Guess, for plaintiff in error.

Armstrong & Fulling, for defendant in error.

COCHRAN, J. Henry Gamble procured a default judgment in the district court of Tulsa county, against James Cherry, on April 1, 1922. On July 13, 1922, James Cherry filed a petition to vacate said judgment, alleging that he did not appear or file an answer in said action, because a few days previous to the answer day he went to a place near the town of Slick to recover some property and that the matter of an-

swering in this case "completely dropped out of his mind"; that the judgment should be vacated because the plaintiff fraudulently committed perjury in the trial of the case and grossly deceived the court by reason of his false testimony. The trial court sustained a demurrer to the petition to vacate, from which an appeal has been taken.

It is the contention of the plaintiff in error, that he was entitled to have the judgment vacated under subdivision 3, sec. 810, Comp. Stat. 1921, for the alleged fraud of the plaintiff in obtaining the judgment. This subdivision of section 810 authorizes the court to vacate a judgment because of an irregularity in obtaining the same, but false swearing in regard to a material issue in the case does not constitute an irregularity under this subdivision. Guy v. Guy, 50 Okla. 33, 150 Pac. 1058; James v. Gallagher, 64 Okla. 41, 166 Pac. 204. A judgment obtained by fraud may be vacated under the 4th subdivision of section 810, Comp. Stat. 1921, and then only in cases of extraneous fraud. Clinton v. Miller, 96 Okla. 71, 216 Pac. 125; Guy v. Guy, supra; Jones v. Gallagher, supra. Where it is sought to set aside a judgment under subdivision 4, it is necessary to proceed in accordance with section 812, Comp. Stat. 1921, which provides that the same shall be upon petition verified by affidavit and setting forth the defense to the action, if the party applying is the defendant. It is also provided that a summons shall issue on this petition as at the commencement of an action. The petition filed in the instant case does not set up any defense to the plaintiff's action or attempt to do so, and for this reason the demurrer was properly sustained, and for the further reason that the petition did not plead any extraneous fraud. The judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.