### GREAT AMERICAN INS. CO. v. KESWATER.

No. 18125.    Opinion Filed June 12, 1928.

(Syllabus.)

1. **Judgment—Validity of Default Judgment on Petition Stating Cause of Action Defectively.**

Where a petition states defectively a cause of action, if the allegations are sufficient to challenge the attention of the court and invoke its judicial action to determine the sufficiency thereof, a judgment rendered thereon by default against a defendant who has been properly served with summons is not void upon its face.

2. **Parties—Insurance — Fire Loss—Claimant's Attorney in Fact Held not Empowered to Institute Suit in Own Name.**

Where one who has a claim against an insurance company for a loss under a fire insurance policy appoints a third person as his attorney in fact, for him, and in his name, place, and stead, and to his use, to do anything in and about the settlement of the loss, with full power to do anything whatsoever requisite and necessary to be done in the premises, such power of attorney does not confer authority on the attorney in fact to institute suit in his own name, as attorney in fact for such claimant.

3. **Parties—Actions to be Prosecuted in Name of Real Party in Interest.**

Under the provisions of section 209, every action must be prosecuted in the name of the real party in interest, except as otherwise provided in article 5, chap. 3, C. O. S. 1921.

4. **Judgment—Vacation of Default for "Irregularity" in Prosecution of Suit in Name of Attorney in Fact.**

The prosecution of an action in the name of an attorney in fact, as plaintiff, instead of in the name of the real party in interest, and obtaining a judgment therein by default is an irregularity, and such judgment should be vacated on application of defendant, filed within the term.

5. **Same—Power to Modify Judgment on Motion Filed After Term.**

The district court has no power to modify its judgment upon motion filed after the adjournment of the term at which such judgment was rendered and entered, except in such cases where it is necessary to make the judgment entered conform to the judgment actually pronounced.

Commissioners' Opinion, Division No. 2.

Error from District Court, Roger Mills County; T. P. Clay, Judge.

Action by Arthur H. Keswater, as attorney in fact for Charles I. Shears, against the Great American Insurance Company. Default judgment for plaintiff. Defendant filed petition to set aside judgment. From an order denying petition to set aside judgment, defendant appeals. Reversed and remanded, with directions.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

A. A. Brown and Hardie & Grim, for defendant in error.

DIFFENDAFFER, C.    From the record, it appears that on June 16, 1925, the Great American Insurance Company issued a fire insurance policy to Charles I. Shears, insuring against loss or damage by fire a certain ice plant consisting of a building, machinery, etc., located in Strong City, Okla., in the sum of $8,000. Shears lived at Norman, Okla., and on or about the 10th day of July, 1925, while said policy was in force, the ice plant, machinery, etc., were destroyed by fire. On July 18, 1925, Shears executed to one Arthur H. Keswater of Cheyenne, Okla., a power of attorney, whereby he constituted and appointed Keswater as his lawful attorney, for him and in his name, place and stead, and to his use, to do anything in and about the settlement of the loss occasioned by the fire, and to fully adjust with the insurance company any loss under the policy, and granting him as his attorney in fact full power to do anything whatsoever requisite necessary to be done in the premises as fully as he himself could do if personally present, with full power of substitution, etc.

Keswater, as such attorney in fact, not being able to effect a settlement with the company, on January 30, 1926, filed suit against the company in the district court of Roger Mills county. The action was entitled "Arthur H. Keswater, as Attorney in Fact for Charles I. Shears, Plaintiff, v. Great Western Insurance Company, a Corporation, Defendant," and alleged in part as follows:

"Comes now the plaintiff, and for his cause of action against the defendant, alleges and states: 1. That he is the duly appointed attorney in fact for Charles I. Shears, as is more fully shown by Exhibit A hereto attached, and as such attorney in fact has authority to bring the action."

Exhibit A, attached to the petition, was a copy of the power of attorney, signed and acknowledged by Shears. Then follow the usual allegations in an action of this kind, setting out a cause of action upon the policy. Upon this petition, summons was issued directed to the sheriff of Roger Mills county, which was served by delivering a copy thereof to one H. E. Rupp, an agent of the company having power to countersign policies, residing in that county. Defendant company did not answer or otherwise plead, and on March 3, 1926, the court rendered default judgment in favor of the plaintiff and against the company for the sum of $7,750 and costs. Execution was thereafter issued, and delivered to the State Insurance Commissioner on June 3, 1926. June 15, 1926, at the same term, the insurance company filed its petition and motion to vacate the judgment and recall execution, alleging as grounds therefor: First, fraud and irregularity upon the part of plaintiff and his attorney in procuring the judgment; second, that the judgment is void upon the face of the record in that the petition wholly failed to state a cause of action; and for the further reason that the petition shows upon its face that Arthur H. Keswater is not the real party in interest; and that the purported cause of action set forth in the petition was not in the said Arthur H. Keswater, individually, or as attorney in fact, but was in Charles I. Shears solely and exclusively.

It is also alleged in the petition and motion to vacate that the petition upon which the judgment was based wholly failed to state a cause of action in that it shows upon its face that no proof of loss was furnished by the assured in the manner and form required by the policy; and for the further reason that the petition wholly failed to state a cause of action in that it failed to allege the replacement value of the property alleged to have been destroyed by fire, and failed to allege that the purported refusal of the company to settle the loss was within 60 days after the date of the alleged loss.

The petition to vacate alleges that the insurance company has a good and valid defense, as set out in an answer thereto attached as a part thereof. To the petition to vacate, defendant in error, Arthur H. Keswater, attorney in fact for Charles I. Shears, filed as his answer a general denial. The issues, as thus joined, were tried to the court on the 29th day of July, 1926, during the same term; and after hearing the evidence the court took the matter under advisement until the 6th of September, the first day of the next term. On that date, and before the court announced its decision, Charles I. Shears, over the objection of the insurance company, filed a motion, which is, omitting the caption, as follows:

"Comes now Charles I. Shears, the principal for whose benefit this action was instituted, and adopts the acts of his said attorney in fact, Arthur H. Keswater, in instituting this action, as his own acts, and moved the court to substitute his name as plaintiff in place of the name of Arthur H. Keswater."

Thereupon, the court sustained the motion of Charles I. Shears, and denied the petition to vacate the judgment, from which rulings and orders, the insurance company, after motion for new trial was filed and overruled, prosecutes this appeal.

Two propositions are presented by plaintiff in error. The first proposition is, that the judgment is void on its face for the reason that the petition upon which default judgment was taken wholly failed to state a cause of action, and that the court erred in rendering default judgment thereon, and in denying the motion of plaintiff in error to vacate the judgment.

It is first urged that the petition was fatally defective in that nowhere therein is the value of the property at the time of the fire, or loss, or the cost of replacement alleged. The petition does not in direct terms allege the value of the property at the time of the fire, but does allege that the plaintiff's loss by reason of the fire was "destruction of the building $2,000; destruction of the tools, machinery and equipment $9,389.-18," making a total loss by plaintiff of $11,-289.18. That an itemized statement of the machinery, tools, equipment and accessories, together with the value thereof, is attached hereto, marked "Exhibit C." Exhibit C referred to shows items and their values, totaling more than $12,000.

We think the petition in this respect was sufficient to bring it within the rule announced in Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421; Gibson v. Dizney, 72 Okla. 69, 178 Pac. 124; and Stauffer v. Watts, 73 Okla. 68, 174 Pac. 1031. In the latter case, it was held:

"Despite the fact that the petition may be

defective in stating a cause of action, if the relief sought by the petitioner can be ascertained from the allegations of the petition, a judgment is not void."

And in Wagner v. Lucas, supra, it was held:

"Judgment rendered by a court having jurisdiction is not void on account of an amendable defect or insufficiency in the petition, and will not be vacated for such reason upon petition filed by defendant after the term."

The same rule would apply to the contention of plaintiff in error that the petition was fatally defective in that it failed to allege that the denial of liability by the company was within the 60 days allowed by the policy within which to furnish proof of loss. The allegations of the petition, in this regard, were sufficient to challenge the attention of the court and invoke its action in a determination of plaintiff's claim, and, in the absence of a motion to make more definite and certain, was sufficient upon which to have proof that the denial of liability, if any, was within the 60 days.

The next proposition is that the judgment is void for the reason that the action was not prosecuted in the name of the real party in interest. Section 209, C. O. S. 1921, provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

It is not contended by defendant in error that the proceedings were regular, or that the action was properly brought in the name of Arthur H. Keswater, as attorney in fact for Shears, but he asserts that the irregularity was cured by the action of the court, on the 6th day of September, 1926, after the term at which the judgment was rendered, in sustaining the motion of Shears to have himself substituted as plaintiff and judgment creditor.

Defendant in error, in support of the order, cities Black v. Donelson, 79 Okla. 302, 193 Pac. 426, where this court said:

"The purpose of the statute in requiring that the real parties in interest shall be made parties is in order that the decree rendered shall conclude all parties. In the instant case, the plaintiff, being authorized to act for his associates, and being permitted to have the contract made in his name, any judgment in the action would conclude them as completely as it would conclude the plaintiff."

We think that case is not in point, as there the contract relied upon was made in the name of plaintiff, being authorized to act for his associates. Here the policy was not taken in the name of Keswater, nor was he authorized to act for Shears in any capacity until after the loss occurred.

In Kuite v. Lage (Mich.) 116 N. W. 467, it was held:

"Powers of attorney are to be strictly construed and not extended by construction, and hence a special power of attorney only authorizing the institution of legal proceeding 'in the name, place and stead' of the principals did not confer authority on the agent to institute suit in his own name."

Defendant in error also cites Reeves v. Noble, 88 Okla. 179, 212 Pac. 995, as authority for the trial court to make the order of substitution. In that case the suit was on a promissory note, an asset of an insolvent state bank, and was instituted by Noble, as liquidating agent. Reeves, among other defenses, pleaded no legal right or authority in Noble to maintain the action. Mr. Justice Branson, speaking for the court, after a discussion of the case on other points, and showing that Reeves was substantially without a defense to the action on any other ground, said:

"The cause of action pleaded by the plaintiff shows only, as a matter of law, a right of action in the name of the state on the relation of the Bank Commissioner, under said sections 303 and 304, Rev. Laws Okla. 1910, and since the cause has been tried on its merits and a retrial would only work unnecessary delay and trouble upon the parties, the judgment will not be reversed, but the petition will be treated as amended here."

It will be observed that in the case of Reeves v. Noble, supra, the case was in this court upon an appeal direct from the judgment, and this court had before it the case on its merits, and the chief reason given by the court for allowing the substitution was that the case had been tried upon its merits, and that a retrial would probably result in no other way than a judgment against Reeves upon a retrial. Here, the reverse is the situation. No trial has been had upon the merits, nor is the case here on direct appeal from the judgment. We have no doubt of the right of Shears to be substituted, if the judgment is set aside, under the rule announced in M., K. & T. Ry. Co. v. Wulf, 226 U. S. 570, and American Ry. Co. v. Birch, 224 U. S. 547, and the rule stated in 20 R. C. L. p. 697, where it is said:

"Where there is no change in the cause of action, but the party substituted bears

some relation of interest to the original party and to the suit, a substitution may be allowed. This is considered as not strictly the making of a new party, and so a person for whose benefit the suit was brought may be substituted for the original plaintiff."

We think, however, that the irregularity in the proceedings by which the judgment was obtained was such that it was the duty of the court to vacate it upon the petition and showing made by plaintiff in error, and that the irregularity was such as could not be cured by the trial court by allowing the substitution after the term.

In Guy v. Guy, 50 Okla. 233, 150 Pac. 1058, it was held:

"The district court has no power to vacate or modify its judgment on account of 'an irregularity in obtaining a judgment or order,' under subdivision 3 of section 5267, Rev. Laws 1910, upon a motion filed after the adjournment of the term at which such judgment was rendered and entered."

The rule there announced was modified to some extent in Jones v. Gallagher, 64 Okla. 41, 166 Pac. 204, where it was held that a judgment might be modified on motion after term so as to correct a mistake of the clerk in entering the judgment, and make the same conform to the judgment, actually pronounced, or order actually made by the court at the time.

It is not claimed that the judgment actually announced by the court in the first instance was in favor of Shears, or intended to be so; it was entered in conformity to the petition. Many authorities are cited in support of the proposition that the court did not have power to modify the judgment after the term, as was done. See Stearns Coal Co. v. Patton (Tenn.) 184 S. W. 855; Knight v. Waggoner (Tex. Civ. App.) 214 S. W. 690; Prudential Casualty Co. v. Kerr (Ala.) 80 So. 97; Melton v. St. Louis Ry. Co. (Ark.) 139 S. W. 280; Miraglia v. Bryson (Ga.) 111 S. E. 655; Chapman v. North American Life Ins. Co. (Ill.) 126 N. E. 732; Welling v. Welling (Kan.) 163 Pac. 635, Jeude v. Sims (Mo.) 166 S. W. 1048; State v. State Journal Co. (Neb.) 111 N. W. 118; Moore v. McPherson (Kan.) 187 Pac. 884; McCornack v. Fleming, 70 Okla. 50, 172 Pac. 952; Hawkins v. Hawkins, 52 Okla. 786, 153 Pac. 844; Continental Gin Co. v. Arnold, 66 Okla. 132, 167 Pac. 613.

The judgment and order of the trial court should be reversed, and the cause remanded, with directions to vacate the judgment rendered in favor of Keswater, as attorney in fact for Shears, without prejudice of the right of Shears to be substituted as party plaintiff after the judgment is vacated.

BENNETT, HERR, JEFFREY, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 154, §363. (2) 2 C. J. p. 655, §303. (3) 30 Cyc. p. 44. 20 R. C. L. p. 665; 3 R. C. L. Supp. p. 1096; 4 R. C. L. Supp. p. 1373; 5 R. C. L. Supp. p. 1121; 6 R. C. L. Supp. p. 1230; 7 R. C. L. Supp. p. 686. (4) 34 C. J. p. 275, §495. (5) 34 C. J. p. 210, §437.