## BURTON et al. v. SWANSON et al.

No. 18348.   Opinion Filed Feb. 18, 1930.

Rehearing Denied March 11, 1930.

West & Petry, for plaintiffs in error.

E. T. Noble and S. L. O'Bannon, for defendants in error J. L. Fuqua and A. D. Kennedy.

John L. Maynard, for defendant in error Irene Taylor.

Herbert E. Smith, for himself.

J. C. Denton, J. H. Crocker, I. L. Lockewitz, and R. H. Wills, for defendant in error Atlantic Petroleum Corporation.

ANDREWS, J.  There was a suit in the district court of Okmulgee county in which Johnny Burton, Herbert E. Smith, and Charles H. Hart contended that the said Johnny Burton was a Creek freedman; that he was the identical person who was enrolled on the Creek freedman roll opposite No. 3979, and that the land involved in the action was his allotment.  G. M. Swanson, J. L. Fuqua, Atlantic Petroleum Corporation, Carrie M. Pratt, Irene Taylor, A. D. Kennedy, Chas. R. Fuller, and Harwood Keaton contended that the said Johnny Burton was not said allottee, but was a different individual.

The cause was tried to the court, and after consideration thereof the trial court found that the Johnny Burton to whom the lands involved in the action had been allotted was not the Johnny Burton involved in this action.

A motion for new trial was filed by Johnny Burton, Charles H. Hart, and Herbert E. Smith, and on the 7th day of March, 1924, the motion for new trial was overruled and judgment was rendered in conformity to the findings of the court.  No appeal was taken, and that judgment became final.

On March 6, 1926, Johnny Burton and Charles H. Hart filed in the district court of Okmulgee county their verified petition to vacate that judgment.  Summons was duly issued and served.  Herbert E. Smith was named as one of the defendants in that petition and by his pleadings he adopted the allegations of that petition and was thereafter considered as plaintiff along with Burton and Hart.  The other defendants filed a

motion to strike the petition, which was overruled, and they then filed a demurrer to the petition, and that demurrer was sustained. Burton and Hart appealed to this court from the order sustaining the demurrer. Herbert E. Smith filed a cross-appeal and joined in the petition in error of Burton and Hart. Burton, Hart, and Smith will hereinafter be referred to as plaintiffs. G. M. Swanson, J. L. Fuqua, Atlantic Petroleum Corporation, Carrie M. Pratt, Irene Taylor, A. D. Kennedy, Charles R. Fuller, and Harwood Keaton, defendants in error herein, will hereinafter be referred to as defendants.

The plaintiffs rely on subdivisions 4 and 7 of section 810 and on section 812, C. O. S. 1921. They present the question, "Does the petition set out in the abstract comply with the statutes provided for vacating a judgment for (1) fraud, and (2) unavoidable casualty and misfortune?" They contend that the petition follows the statutes upon which they rely, and that for that reason it was error to sustain a demurrer thereto. With reference to the first action they say:

"* * * The issue was whether the plaintiff Johnny Burton was the allottee of certain land, or whether the allottee had died, as defendants contended, before the death of his grandmother and heir, Millie Burton, and through her the title has passed to them."

The petition which is under consideration here alleged, as a grounds for setting aside the judgment, the following:

First, fraud in introducing evidence that the allottee had lived with one Louis Lark and had died; second, fraud in introducing a photograph of one claimed to have been the allottee, but who was not the allottee; third, fraud in concealing the fact that the one who had lived with Louis Lark was alive; fourth, fraud in inducing the court to deny a jury trial; fifth, fraud in producing evidence at the close of the trial and thus preventing the procuring of evidence in rebuttal thereof; and sixth, unavoidable casualty and misfortune preventing them from learning or showing the truth, in that Burton was enrolled when a young man, his application for enrollment did not show the names of persons that he could find who would identify him as the allottee, and he did not know of witnesses who could identify him as the allottee until December, 1925.

It is contended that the judgment was obtained by fraud, and the case of El Reno Mutual Fire Ins. Co. v. Sutton, 41 Okla.

297, 137 Pac. 700, is cited in support of that contention. In that case the 4th subdivision, supra, was under consideration, and it was held that the obtaining of a judgment by willful and corrupt perjury constitutes fraud within the meaning of that provision. However, in Clinton et al. v. Miller et al., 96 Okla. 71, 216 Pac. 135, this court criticised that statement, and in Douglas, Adm'r, v. Hoyle, 115 Okla. 7, 240 Pac. 1072, that case was distinguished and the rule announced in Clinton v. Miller, supra, was followed. In that case this court said:

" 'A court of equity will not set aside a judgment on the ground that judgment was procured by false testimony of the prevailing party on material questions which were at issue in said cause and where tried and determined by the trial court, except where the false and perjured testimony concerns some extraneous fraud practiced by the prevailing party.' "

In Cherry v. Gamble, 101 Okla. 234, 224 Pac. 960, it was alleged:

" * * * That the judgment should be vacated because the plaintiff fraudulently committed perjury in the trial of the case and grossly deceived the court by reason of his false testimony. The trial court sustained a demurrer to the petition to vacate. * * * "

This court said:

"It is the contention of the plaintiff in error that he was entitled to have the judgment vacated under subdivision 3, sec. 810, Comp. Stat. 1921, for the alleged fraud of the plaintiff in obtaining the judgment. This subdivision of section 810 authorizes the court to vacate a judgment because of an irregularity in obtaining the same, but false swearing in regard to a material issue in the case does not constitute an irregularity under this subdivision. Guy v. Guy, 50 Okla. 233, 150 Pac. 1058; James v. Gallagher, 64 Okla. 41, 166 Pac. 204"

—and held:

"A judgment, obtained by fraud, may be vacated under the 4th subdivision of section 810, Comp. Stat. 1921, but only because of extraneous fraud."

The fraud, if any, in the case at bar, was not extraneous fraud, and is not available as a ground of attack on a judgment under either the 3rd or 4th subdivision of section 810, supra.

It is contended that the allegations of unavoidable casualty or misfortune are sufficient grounds for vacating the judgment, and it is said:

"It was unavoidable casualty that plaintiff was so young and his parents dead. Fur-

thermore, the fact that Johnny Burton himself was too young at the time he was admitted to the rolls to know who could identify him, and that his grandmother and grandfather and the witnesses on his papers were dead, was a casualty and misfortune unavoidable by him. The fact that by accident his attorney after the trial and just before the filing of this petition learned who in fact could identify him as the person allotted, and can now produce that evidence, is in itself sufficient to vacate judgment."

The only Oklahoma citation in support of this contention is Roberts et al. v. Hope et al., 39 Okla. 173, 134 Pac. 434, which is said to be " * * * the precedent upon which this petition was drawn." We find nothing in that opinion that in any way tends to hold that allegations such as are made in this petition constitute unavoidable casualty or misfortune. On the other hand, the 7th subdivision of section 810, supra, requires the unavoidable casualty and misfortune to have been such as to prevent the party from prosecuting or defending. The record in this case shows that plaintiffs were present and participated in the proceeding and defended the action. There is nothing in the 7th subdivision, supra, that applies to the inability of a party to discover the evidence necessary to constitute a defense. The purpose of that provision is to give a party litigant an opportunity to prosecute or defend an action when he has been prevented from prosecuting or defending the cause by some unavoidable casualty or misfortune. The unavoidable casualty or misfortune therein referred to consists of some act or thing affecting a party to the litigation and has no relation to a fact or thing that affects a party's ability to ascertain or discover evidence sufficient to constitute a defense.

Our attention is called to no authority holding that the allegations of this petition constituted unavoidable casualty or misfortune within the meaning of the 7th subdivision, supra, and in our opinion the allegations thereof do not bring this case within the provisions of that section.

Plaintiffs call attention to the case of Luman v. Hill (Wyo.) 256 Pac. 339, as holding that a demurrer to such a petition should not be considered. They overlook the holding in that case as follows:

"Trial courts may properly dismiss for failure to state facts sufficient to warrant relief a petition under Comp. St. 1920, secs. 5923-5934, to vacate a judgment, after denying a motion to strike the petition, even though no demurrer has been filed; demur-

rer to petition under this chapter not being authorized by any provision of the Code."

The Kansas court in the case cited (Blair v. Blair, 153 Pac. 544) held that the statute makes a conditional extension of jurisdiction, the condition being that proceedings to vacate be commenced within the period provided by the statute, and no excuse would be recognized for failure to begin within that time.

This court in Foltz v. Deshon, 122 Okla. 42, 249 Pac. 358, said:

"To this petition to vacate, a demurrer was sustained, and the only question here is: Was it properly sustained? It was, unless the petition to vacate set up a state of facts which as a matter of law constituted unavoidable casualty and misfortune within the meaning of said subdivision of said section 810"

—and held:

"When a judgment is rendered on a record which on its face shows that the court had jurisdiction of the parties and the subject-matter, a petition to vacate and set aside such judgment filed at a subsequent term of court under subdivision 7 of section 810, C. O. S. 1921, is subject to demurrer when, as a matter of law, the facts pleaded as constituting the ground for vacating said judgment under said subdivision 7 do not show unavoidable casualty or misfortune within the meaning of said subdivision, and this is true even if the defense pleaded to the original suit, if proven, would be complete"

—and in the case of George O. Richardson Machine Co. v. Scott, Adm'r, 122 Okla. 125, 251 Pac. 482, affirmed a judgment where a demurrer to a petition to vacate had been sustained. It was there urged, as here:

"It is next urged that the petition to vacate the judgment is in proper form and states facts which entitle defendant to have said judgment vacated, and that the trial court erred in sustaining the demurrer thereto."

This court, in Dardenne v. Daniels et al., 101 Okla. 201, 225 Pac. 152, held:

"Proceedings by petition under section 810, Compiled Oklahoma Statutes 1921, to set aside a judgment for fraud practiced by the successful party in obtaining such judgment, constitutes a 'civil action,' and not a mere 'special proceeding', and when otherwise applicable and sufficient, it comes within the third ground of demurrer set out in section 268, Compiled Oklahoma Statutes, 1921, as another action pending."

In Loyal Protective Ins. Co. v. Edwards, 124 Okla. 240, 255 Pac. 700, the court held:

"Where petition is filed under subdivision 7, section 810, C. O. S. 1921, seeking to vacate a judgment on the grounds of unavoidable casualty and misfortune preventing a party from defending, the issues thereon are joined, and the same is tried to the court on the evidence adduced, this is in the nature of an independent action, and in order that this court may obtain jurisdiction to review the judgment of the trial court refusing to vacate the former judgment entered, a motion for new trial is necessary and the same must be incorporated, together with the action of the trial court thereon, in the case-made attached to the petition in error, and where no motion for new trial is filed, as in the instant case, the motion to dismiss the appeal should be sustained"

—and in support thereof cited other decisions of this court. There was a similar holding in Parker et al. v. Rennie et al., 136 Okla. 122, 276 Pac. 721.

There can be no question, under these holdings, but that the trial court had authority to sustain a demurrer to this petition if the petition did not state facts sufficient to warrant the court in vacating the judgment sought to be vacated.

In our opinion this proceeding amounted to nothing more than a delayed petition for new trial filed after the expiration of the time fixed by the statute for the filing of the same.

Johnny Burton claimed to be the allottee. The court heard the evidence and held that he was not the allottee and that the allottee was another individual. If the testimony upon which the court made that finding was false, it constituted misconduct of the prevailing party. It might be that plaintiffs were surprised thereby, but that is no reason why they should not have so stated in a motion for new trial within three days after the judgment. If, by reason of their inability to find witnesses who would testify that Burton was the allottee, within three days after judgment, they were granted, under the statute, an extension not to exceed one year in which to discover that evidence. There is no provision in the statutes for granting a new trial to an individual because he does not discover the evidence necessary to win his suit until after the expiration of one year from the date of the judgment against him.

Chapter 3, art. 20, of our Code of Civil Procedure pertains to trials, and section 572 thereof provides for new trials and the causes therefor. We call attention to the 2nd, 3rd, and 7th subdivisions thereof, as follows:

"Second. Misconduct of the jury or prevailing party."

"Third. Accident or surprise, which ordinary prudence could not have guarded against."

"Seventh. Newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

Under those three sections ample remedy for a new trial was afforded, and when the motion for new trial was denied, the error, if any, in the denial thereof could have been shown upon an appeal. The producing of false testimony, if any false testimony was produced, constituted misconduct of the prevailing party. If the false testimony was produced, as alleged in this petition, it might have been sufficient to constitute accident or surprise, and if it did not constitute accident or surprise, and evidence was subsequently discovered, as alleged, then the newly discovered evidence would come within the provision of section 572, supra. Under that procedure the petition could not have been filed later than one year after the date of the judgment. Sections 574, 575, and 576, C. O. S. 1921.

Chapter 3, art. 25, of our Code of Civil Procedure, pertains to appeal and error. The plaintiff failed to consider a provision thereof which, to this court, seems conclusive, and that is the 1st subdivision of section 810, supra, which reads as follows:

"First. By granting a new trial for the cause, within the time and in the manner prescribed in section 574."

By that provision all of sections 572 to 576, supra, are carried forward and made a part of the 1st subdivision of section 810, supra. When the sections thereof are considered together and each is given effect, the allegations under consideration here are found to come within the 1st subdivision. The petition in this case was filed after the expiration of the time provided for the filing thereof, and the trial court properly sustained a demurrer thereto and dismissed the petition.

We find no error in the action of the trial court, and the judgment of that court is affirmed.

CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., not participating. LESTER, V. C. J., and HUNT, J., absent.