## REYNOLDS, Adm'x, v. GRANT et al.

No. 19886.   Opinion Filed April 21, 1931.

Withdrawn, Corrected, Refiled and Rehearing Denied June 9, 1931.

Samuel A. Boorstin and Jno. F. Conway, for plaintiff in error.

Woodson E. Norvell, for defendants in error.

HEFNER, J.   On the 26th day of November, 1926, Tom Reynolds recovered judgment in the common pleas court of Tulsa county against R. E. Grant in the sum of $1,500. Execution was subsequently issued on the judgment and returned unsatisfied.   At the time of the institution of the suit defendant Grant was the record owner of certain real estate located in Tulsa county.   It appears that on the 26th day of November, 1925, he executed a deed conveying this property to his wife, Alma Grant, but this deed was not placed on record until after the institution of the suit, but was recorded before judgment was entered.   Thereafter, and on the 3rd day of May, 1927, Reynolds brought this action in the district court against R. E. Grant and Alma Grant to set aside this conveyance on the ground that the same was fraudulent as to creditors.   After the institution of the present suit plaintiff, Tom Reynolds, died and the cause was revived in the name of Edna Reynolds, administratrix. Defendant Grant filed an answer in the present suit denying that the transfer in question was fraudulent as to creditors, and further answered by way of cross-petition and pleaded that the judgment obtained by Reynolds in the common pleas court was void for the reason that the same was obtained by and through the willful perjury of Reynolds, and prayed that the same be vacated.

The trial court made no finding on the issue as to the fraudulent transfer of the property, but found that the judgment obtained by Reynolds in the common pleas court was obtained through perjury, vacated the same, and directed that a new trial be had in the court of common pleas.

The original action tried and decided in the common pleas court was an action for damages for wrongfully evicting Reynolds from certain premises leased by him from Grant.   Grant, the defendant in that action, though having been duly served with summons and having filed his answer, made no appearance at the trial, and judgment was rendered against him in his absence. It appears that in the original suit plaintiff Reynolds contended that he had leased a certain building from the defendant Grant; that he was conducting a mercantile business therein; that he had on hand a certain quantity of merchandise consisting of wall paper and paint, and that he had established a profitable business.   That defend-

ant Grant forcibly ejected him from the building and disposed of the stock on hand and destroyed his business. These facts were, in substance, testified to by Reynolds on the original trial.

It it contended by Grant, defendant in this action, that this testimony was false and he offered evidence in the present suit to the effect that at the time possession was taken by him of the building in question the same was vacant and that no merchandise or property of any kind was located therein, and also offered evidence to the effect that Reynolds voluntarily abandoned the building for the reason that he was operating at a loss. The court sustained the theory of the defendant Grant and vacated the judgment. In our opinion the trial court was in error in so doing. False and perjured testimony in order to authorize the vacation of judgment, unless proceedings are taken under sections 572 to 576, C. O. S. 1921, must be extraneous to the issues presented at the trial.

In the case of Burton v. Swanson, 142 Okla. 134, 285 Pac. 839, this court announced the following rule:

"False and perjured testimony must be extraneous to the issue presented in order to be sufficient under the 4th subdivision of section 810, C. O. S. 1921.

"False and perjured testimony not amounting to extraneous fraud may constitute misconduct, and must be called to the attention of the court in the manner and within the time provided by sections 572 to 576, C. O. S. 1921, in order that advantage may be taken thereof in procuring a new trial therefor."

To the same effect are the cases of Clinton v. Miller, 96 Okla. 71, 216 Pac. 135; Douglas, Adm'r, v. Hoyle, 115 Okla. 7, 240 Pac. 1072; Cherry v. Gamble, 101 Okla. 234, 224 Pac. 960.

There is another reason which in our opinion renders the judgment of the trial court erroneous. Defendant Grant offered no excuse for the failure to appear at the trial and contest the issues raised in that case. In the case of Miller v. White, 129 Okla. 184, 265 Pac. 646, this court said:

"Before a court of equity will interfere with a judgment rendered on perjury and concealment of the facts from the court, it must be made to appear that the injured party has used due diligence in presenting the matter to the court, and that he is clearly entitled to the relief sought, and that the question of perjury or concealment complained of could not have been litigated at the former trial, by use of due diligence."

The matter here sought to be pleaded by defendant Grant should have been pleaded in the original action. Not having done so, he cannot be heard to say in this action that the judgment was obtained against him by perjured testimony.

The trial court made no finding on the issue as to fraudulent transfer of the property. The cause should be remanded for a trial on this issue.

Judgment is reversed, and the cause is remanded, with directions to proceed in accordance with the views herein expressed.

LESTER, C. J., CLARK, V. C., J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

RILEY, J., absent.