**YELLOW TAXICAB & BAGGAGE CO. et al. v. PETTYJOHN et al.**

No. 24434. Opinion Filed April 18, 1933.

Rehearing Denied May 9, 1933.

Sid White and Solus Brooks, for plaintiffs in error.

John Barry, for defendants in error.

PER CURIAM. On July 18, 1929, Roanna Pettyjohn filed in the district court of Oklahoma county her action in cause No. 58775 and obtained a judgment for damages for personal injury and damages to a Buick automobile caused by collision occurring in Oklahoma City on the 4th day of July, 1929.

On the 5th day of November, 1929, a verdict in favor of Roanna Pettyjohn and against the defendant for $4,500 was brought by a jury of twelve men. A motion for new trial was duly filed and the same was overruled, and from this judgment the Yellow Taxicab & Baggage Company took its full six months before perfecting its appeal to this court, and finally that case was affirmed by this court on April 5, 1932, 157 Okla. 232, 11 P. 487. A petition for rehearing was regularly filed and denied.

On June 4, 1932, this court rendered judgment against the sureties on the supersedeas bond. The mandate was thereafter forwarded to the trial court and spread of record and execution issued thereon against the de-

fendants and the sureties on the said supersedeas bond.

After the execution was issued the plaintiffs in error, on the 8th day of June, 1932, filed their petition seeking to enjoin and restrain Roanna Pettyjohn from enforcing said judgment and pleading and averring that the testimony given in the original trial as to the extent of her injury and the damages was false and based upon perjured testimony.

This was two years and six months after final judgment had been entered by the trial court. This court has settled the principle in this jurisdiction at least that the defeated party to an action may not have retrial of the original case upon the charge that perjury was committed where two years have transpired between the original action and the action to set aside said verdict. Burton v. Swanson, 142 Okla. 134, 285 P. 839.

The application to set aside the verdict for the plaintiff herein asks for an injunction against the execution issued by the trial court.

In this proceeding the attorneys for the plaintiffs in error prepared and had filed a supersedeas bond which appears at pages 165 and 166 of this case-made and which purports to supersede the issuing of the execution of the judgment obtained in this court upon the supersedeas bond.

In the case of In re Epley, 10 Okla. 631, 64 P. 18, this court held that the Supreme Court or any justice thereof has the power to stay the execution or enforcement of any judgment or final order in all cases not provided for by statute and upon such terms as may be prescribed by the court or justice thereof granting such stay in any case taken to said court by appeal or proceedings in error.

In the same case it is held that in all cases where the statute makes no provision for a supersedeas bond the trial court in the exercise of its discretion may allow a supersedeas or stay on such terms as it may prescribe.

However, since the opinion in that case the laws have been changed so as to provide that a judgment may be entered by this court upon the supersedeas bond given to stay the execution of the trial court.

We now hold that where this court has entered its judgment upon the supersedeas bond upon proper motion and the mandate upon that judgment has issued to the trial court, the remedy of the party seeking to stay such execution upon the judgment rendered upon the supersedeas bond is for this court and not the trial court to vacate such judgment, and the trial court is without authority or power to stay execution upon proceedings to collect the judgment issued by proper mandate from this court.

It appears from the motion to vacate after the execution had been issued on the judgment on the bond that there is nothing in the proceedings that was not originally heard by this court on the appeal.

The mere allegation of fraud will not give an excuse for a reiteration that the witnesses of defendants should have been believed and those of the plaintiff disbelieved.

There is some allegation that there was perjury relative to how much the plaintiff was making at the time she was injured. It does not appear that the jury assessed the damages based upon what the defendant was making at all and that matter was well presented to the trial court in the trial of the cause.

The appeal is therefore dismissed.