### INGRAM v. INGRAM.

No. 17769—Opinion Filed Nov. 16, 1926.

#### (Syllabus.)

**Appeal and Error—Necessity for Motion for New Trial—Record—Appeal from Action of Court Refusing to Vacate Judgment on Ground of Fraud in Procurement.**

Where a petition is filed, under subdivision 4, section 810, Comp. Stats. 1921, seeking to vacate a judgment on the grounds of fraud practiced by the successful party in obtaining the judgment, and an answer is filed, denying the allegations of the petition, and issues joined, and the same is tried to the court on the evidence adduced, this is in the nature of an independent action, and in order that this court may obtain jurisdiction to review the judgment of the trial court refusing to vacate the former judgment entered, a motion for new trial is necessary, and the same must be incorporated, together with the action of the court thereon, in the case-made attached to the petition in error, and where no motion for new trial is filed, as in the instant case, the motion to dismiss the appeal should be sustained.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Birdie Ingram against King Ingram. Judgment for plaintiff, and from order overruling petition to vacate judgment, defendant brings error. Dismissed.

W. A. Chase and Robert Burns, for plaintiff in error.

L. D. Mitchell, for defendant in error.

PER CURIAM. Defendant in error, Birdie Ingram, plaintiff below, was granted a divorce from the plaintiff in error, King Ingram, defendant below, on the 16th day of November, 1925, by the district court of Oklahoma county, Okla. On June 1, 1926, the plaintiff in error filed his petition in the district court of Oklahoma county to vacate the decree of divorce on the grounds of fraud practiced by the defendant in error upon the trial court. The defendant in error's motion to strike the petition to vacate was overruled and answer filed, and issues in the case thereby made up.

Upon the trial of the case considerable testimony was introduced on both sides, and

after having heard the argument of counsel the trial court denied the prayer of the plaintiff in error to vacate said judgment, and decreed that the original judgment should be held in full force and effect. The defendant then gave notice of appeal in open court and requested additional time in which to make and serve case-made, which was by the court granted. No motion for a new trial was filed in said cause, and no order is of record concerning the same.

On the authority of the case of Smith v. Smith, in an opinion filed in this court May 20, 1924, 102 Okla. 70, 226 Pac. 368, wherein it is held that where a petition is filed seeking to vacate a judgment on account of fraud practiced by the successful party in obtaining a judgment, and an answer is filed denying the allegations of the petition, and issues joined. and the same is tried to the court on evidence introduced, this is in the nature of an independent action. and in order that this court may obtain jurisdiction to review the judgment of the trial court a motion for new trial is necessary, and the same must be incorporated, together with the action of the trial court thereon, in the case-made attached to the petition in error, and where no motion for a new trial is filed, as in the instant case, a motion to dismiss the appeal should be sustained. It follows that the appeal must be, and is, dismissed.

Note.—See 3 C. J. p. 963, §850; 4 C. J. p. 340, §1973; p. 576, §2380 (Anno): 34 C. J. p. 321. §541; 2 R. C. L. p. 98; 1 R. C. L. Supp. p. 395; 4 R. C. L. Supp. p. 81; 5 R. C. L. Supp. p. 70.