### LOYAL PROTECTIVE INS. CO. v. EDWARDS.

No. 18164—Opinion Filed April 12, 1927.

(Syllabus.)

**Appeal and Error—Necessity for Motion for New Trial—Appeal from Judgment Refusing to Vacate Judgment.**

Where petition is filed under subdivision 7, section 810, C. O. S. 1921, seeking to vacate a judgment on the grounds of unavoidable casualty and misfortune preventing a party from defending, the issues thereon are joined, and the same is tried to the court on the evidence adduced, this is in the nature of an independent action, and in order that this court may obtain jurisdiction to review the judgment of the trial court refusing to vacate the former judgment entered, a motion for new trial is necessary and the same must be incorporated, together with the action of the trial court thereon, in the case-made attached to the petition in error, and where no motion for new trial is filed, as in the instant case, the motion to dismiss the appeal should be sustained.

Error from Superior Court, Creek County; J. Harvey Smith, Judge.

Action by Sue Edwards against Loyal Protective Insurance Company. From judgment of the trial court denying its petition to vacate former judgment, defendant appeals. Dismissed.

Keaton, Wells & Johnston and McDougal, Allen & Pryor, for plaintiff in error.

Grace Arnold, for defendant in error.

PER CURIAM. The plaintiff in error was the defendant in the trial court and the defendant in error was the plaintiff in the court below. The parties will be referred to herein as they appeared in the trial court.

This is a proceeding by petition to vacate the judgment of the trial court, in favor of the plaintiff, on the grounds of unavoidable casualty and misfortune preventing the defendant from defending, and setting forth the reason therefor. Issues were joined in the trial court between the plaintiff and defendant on said petition to vacate, and the cause was tried to the court, at which trial oral testimony and documentary evidence was introduced, and at the conclusion of the trial the court rendered judgment denying the defendant's petition to vacate said judgment. Notice of appeal was given in open court by

defendant and time given in which to make and serve case-made and the appeal therefrom filed in this court. No motion for a new trial of the issues joined on the petition to vacate the judgment was filed in said cause.

Section 810, C. O. S. 1921. provides that the district court shall have the power to vacate or modify its own judgment or orders after the term at which such judgment or order was made for the reasons therein set forth, and the 7th subdivision of said section is for unavoidable casualty or misfortune preventing the parties from prosecuting or defending.

Section 812, C. O. S. 1921, provides that proceedings to vacate or modify the judgment or order on the grounds mentioned in subdivision 7 of section 810, supra, shall be by petition, and that on such petition a summons shall issue and be served as in the commencement of an action. In the case of Harper v. Rutland Savings Bank, 79 Okla. 274, 192 Pac. 1101, this court held that proceedings to vacate or modify a judgment on the grounds mentioned in subdivisions 4, 5, 6, 7, 8. and 9 of section 5267, Revised Laws 1910 (section 810, C. O. S. 1921), under section 5269, Rev. L. 1910 (section 812, C. O. S. 1921), requiring such proceedings to be by petition, upon which summons shall issue and be served as in the commencement of an action, are in the nature of an original action, and in which case the court said:

"The trial is conducted as any other action of equitable nature, and in order to have an error occurring during the progress of the trial or evidence reviewed by this court, a motion for new trial must be filed and such motion and the ruling of the court thereon preserved by being incorporated in the case-made."

In the case of Smith v. Smith, 102 Okla. 70, 226 Pac. 368, this court laid down the rule that:

"Where a petition is filed, under subdivision 4, section 5269 (5267) Rev. Laws 1910, seeking to vacate a judgment on the grounds of fraud practiced by the successful party in obtaining the judgment, and an answer is filed, denying the allegations of the petition, and issues joined, and the same is tried to the court on the evidence adduced, this is in the nature of an independent action, and in order that this court may obtain jurisdiction to review the judgment of the trial court vacating the former judgment entered, a motion for new trial is necessary, and the same must be incorporated, together with the action of the court thereon, in the case-made attached to the petition in error, and

where no motion for new trial is filed, as in the instant case, the motion to dismiss the appeal should be sustained."

This same rule is followed in the case of Archerd v. Ware, 115 Okla. 100, 242 Pac. 1043, and in the case of Ingram v. Ingram, 122 Okla. 59, 250 Pac. 795.

The proceedings to vacate the judgment of the trial court cannot be considered under section 576, C. O. S. 1921. for the reason final judgment was rendered by the trial court April 11, 1925, and the petition to vacate said judgment was filed July 10, 1926, more than one year after final judgment was rendered.

The record in this case brings it within the rule as above laid down by this court, and upon motion of defendant in error the appeal in this cause is hereby dismissed.

Note.—See 3 C. J. pp. 984, 985, §905; 34 C. J. p. 323, §542; p. 351, §564.