### HEINY et al. v. SOMMERS.

No. 18313. Opinion Filed June 19, 1928.

(Syllabus.)

1. Process—Husband not Served by Delivery of Summons to Long Estranged Wife at Her Home.

Where a husband and wife have, by agreement, separated and lived entirely separate and apart for years, the devlivery of a summons to the wife at her home does not, under our statute, constitute service of summons on the husband.

2. Same—Judgment—Vacation of Default Judgment Against Husband Sustained.

Where, under facts set out in paragraph 1 hereof, the husband and wife are made defendants in a justice court action for the recovery of money, and where a judgment by default is entered against the husband without notice other than the kind of service indicated, and he thereafter files a verified petition in the district court alleging above facts, and that he was a nonresident of the county in which said justice action was brought, and also facts constituting a meritorious defense, and where the cause is tried to the court, who vacates the judgment, and where, from an examination of the evidence, it appears that the action of the court is properly sustained by the evidence and is not against the clear weight thereof, such action will not be disturbed on appeal.

3. Judgment—Action in District Court to Vacate Justice Court Judgment Rendered Without Process or Actual Notice—Limitation of Action Effective Only After Discovery of Judgment.

In a suit in the district court to vacate a judgment of a justice court by a party against whom such judgment has been rendered without notice, either by service of summons, or otherwise, the time relied on to bar such action to vacate must be computed, under section 185, C. O. S. 1921, sub-

section 3, from the time of the discovery of such judgment rather than from the date of rendition thereof.

4. Same—Vacation of Judgment Sustained.

Evidence weighed, and examined; held, that it properly supports the judgment, and that said judgment is not against the clear weight thereof.

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by W. N. Sommers against T. H. Heiny et al. to vacate judgment. Judgment for plaintiff, and defendants appeal. Affirmed.

Robert W. Maupin, for plaintiffs in error.

Max M. Fagin and Charles B. Selby, for defendant in error.

BENNETT, C. W. N. Sommers brought suit in district court of Oklahoma county against T. H. Heiny, Walter Benson, justice of the peace for Oklahoma City district, and others, to vacate a judgment rendered in said justice of peace court on November 30, 1923, in an action wherein Heiny was plaintiff and W. N. Sommers was defendant. The parties will be referred to in the order in which they appeared in trial court.

The petition, omitting formal parts, set out in substance: That plaintiff was an actual bona fide resident of Ponca City, Kay county, Okla., and that defendant Walter Benson, since January 23, 1927, has been a justice of the peace in Oklahoma City justice district, and that during the year 1923, and up to the 3rd of January, 1927, one A. T. Early was justice of the peace in said justice district, county and state aforesaid, with an office in Oklahoma City; that upon the election of Walter Benson as justice, the records, dockets and files of said Early, justice, passed into and have remained in the hands of said Benson.

There appeared on said records under cause No. 5981, entitled T. H. Heiny v. L. A. Sommers and W. N. Sommers, a purported judgment rendered against W. N. Sommers in favor of plaintiff therein under date of November 30, 1923; that said judgment appeared to have been rendered upon default in appearance, and the records recited that summons was served on plaintiff herein as defendant therein by delivering a copy thereof to said L. A. Sommers, wife of this plaintiff, in Oklahoma county, Okla., on November 12, 1923; that said judgment is void for that said court acquired no jurisdiction over defendant therein; that plaintiff,

W. N. Sommers, was at all times during the year 1923, prior and subsequent thereto, a resident of Ponca City, Kay county, Okla., where he maintained his permanent residence; that during all said period L. A. Sommers was plaintiff's wife, but under an agreement they lived separate and apart from each other, the said L. A. Sommers residing in Oklahoma City, and that said parties maintained separate places of residence; that the said judgment was based upon a claim that defendant therein was in debt to plaintiff for certain moneys loaned, whereas plaintiff herein alleges that he did not know Tom Heiny or Walter Benson, and that he has a good defense to said claim, to wit, that no transaction was ever had by this plaintiff or his agent with said Heiny, and that nothing of value ever passed or was to pass between plaintiff and said Heiny, who knew that said plaintiff herein did not reside in Oklahoma City, and that said summons as to plaintiff herein was a nullity and was a fraud upon the court, and this plaintiff, who was not present at trial in person or by attorney and did not know of the purported judgment until the time of filing of this cause; that said Heiny and Walter Benson, justice, are now seeking to enforce the purported judgment by garnishments against tenants of plaintiff, and unless restrained will collect said unlawful judgment, and that plaintiff will suffer irreparable loss. Wherefore, plaintiff prays that defendants be restrained, etc. The petition is verified. Defendant demurred on February 7, 1927, upon various grounds, among others, that the action was barred by statute of limitations. On February 10, 1927, by leave, plaintiff amended his petition, and on February 12th defendants filed their answer consisting of, first, a general denial; second, an admission that judgment against plaintiff herein was taken which is alleged to be valid; third, that the judgment was not a default judgment, but that plaintiff was represented at trial by counsel, and that service of summons was regular, and finally that plaintiff had knowledge of the existence of said judgment, for more than three years subsequent to the date thereof, and that plaintiff's cause of action is barred by laches.

The evidence, both on the part of plaintiff and on the part of defendant, in so far as the same affects the crucial issues in this law suit, may be summarized as follows: That W. N. Sommers and L. A. Sommers were husband and wife and lived together until 1916 in Oklahoma City; they had a married daughter, Maud. The husband and wife mutually agreed in 1916 to live separate and apart, and from that time until June, 1924, when they resumed their marital relations, neither ever occupied the home of the other. The husband was a traveling salesman and lived about over his territory. His last residence before the resumption of relations with his wife was at Ponca City, Okla., to which place he went early in 1923, at which place he had his room, received his mail, and made his business headquarters. He came occasionally to Oklahoma City, four or five times a year, principally to see his employer, Miller-Jackson Company, and upon such visits went to see his married daughter occasionally at her home at 608 East Eighth street, in Oklahoma City, and a part of which time his wife resided with the daughter.

The husband, so far as the proof goes, never spent a night or took a meal with his wife during the time of the separation. The wife was engaged in her own separate occupation during the separation period, and lived at various places within the state of Oklahoma—Duncan, McAlester, Lawton, Muskogee, and Oklahoma City. The proof is that it was a matter of common knowledge that they were separated and had been for years. This was testified to by those living in the same house with the daughter and with the wife and her near neighbors When the husband came to Oklahoma City, he stopped at one of the hotels. The testimony of plaintiff is further to the effect that he never borrowed any money from Tom Heiny, had never had any transactions with him, had never seen him but once, and did not know Justice Walter Benson; that he did not know that he had been sued in Justice Early's court, or that judgment had been taken against him there until January, 1927, immediately before the filing of this suit; that he knew nothing of any litigation betwen his wife and Tom Heiny. The substance of this testimony was given also by Charles B. Selby, attorney for plaintiff herein, who represented Mrs. L. A. Sommers in a suit in justice court filed by Tom Heiny, wherein a judgment was taken against Mrs. Sommers and not as to her herein sought to be vacated; that the cause proceeded to trial and judgment without any mention of the name or liability of W. N. Sommers, and that he learned of the judgment in January, 1927, and immediately brought this suit.

The constable who made the service of process in the suit of Heiny v. Sommers in Early's court has no independent recollection of the same, but he delivered the summons addressed to W. N. Sommers to Mrs.

Sommers at 608 East Eighth street, Oklahoma City; secured the location from the telephone directory.

It is shown also that this was the only service or attempted service had on W. N. Sommers. At the conclusion of the evidence the court made certain findings of fact set out in the journal entry to the effect that W. N. Sommers and wife had been separated for years; that the summons was not delivered to his wife at the usual residence of the plaintiff herein; that he had no knowledge of the judgment, and that said Sommers had not been served with process; had not appeared in court; that the judgment should be vacated and that Tom Heiny and Walter Benson should be enjoined from collecting or attempting to enforce the judgment rendered in Early's court. The court also by and with the consent of plaintiff herein conditioned his judgment that the plaintiff enter general appearance in justice court and waive the statute of limitations within five days after the judgment in this cause becomes final, and the record was made to show this condition was agreed to by plaintiff, and thereupon the court granted the plaintiff the judgment prayed for, setting aside the judgment and granting the injunction.

It seems clear to us that, while the defendant has discussed the questions of law involved here under quite a number of heads, the determinative questions of law involved are: (1) Was the plaintiff legally served with summons in the cause pending in Early's court? (2) Did plaintiff have knowledge of the judgment rendered against him in that court for considerable period before the institution of the suit at bar? (3) Is the finding of the trial court against the clear weight of the evidence?

In consideraion of these questions, the plaintiff's counsel has brought to our attention properly in his brief the fact that the defendant has not complied with rule 26 of this court in many substantial particulars, and perhaps the cause might properly be dismissed upon plaintiff's motion on this ground (Mires v. Hogan, 97 Okla. 130, 222 Pac. 985; Roof v. Franks, 26 Okla. 392, 110 Pac. 1098), but we have concluded to examine the merits of the controversy.

Our answer to the first inquiry above, as to the service on plaintiff, is in the negative. All of the evidence is practically to the effect that the plaintiff had not lived with his wife since 1916; that while the husband and wife were not at dagger's points, they had agreed among themselves to live separate and apart; that they should conduct separate businesses. There is no proof that from the time of their separation the plaintiff ever took a meal or spent a night with or at the house occupied by his wife. The words "usual residence" must have some significance; they must indicate the place at which one is accustomed to live, and the provision that a summons may be served upon a member of defendant's family and at his usual place of residence is not complied with by simply delivering a summons to a member of one's family. Minnesota Thresher Mfg. Co. v. L'Heureux (Neb.) 118 N. W. 565; McFarlan v. Cornelius (Ore.) 73 Pac. 325; Earle v. McVeigh, 91 U. S. 503, 23 L. Ed. 398. Each of these conditions must be met; it must be delivered to a member of his family and at his usual place of residence. There can be no question in the case at bar, it seems to us, of the fact that at the time of the purported service of this summons, the plaintiff had not only a residence elsewhere, which he used and claimed as his permanent residence, but that the place where his wife lived and was served was not his residence, and certainly had not been for years. The words "at his usual place of residence" cannot be disregarded and held useless and meaningless (vol. 4, Words & Phrases (2d Series) p. 1112, and cases cited), and we hold, therefore, that there was no legal service upon plaintiff.

Second. The evidence is practically uncontradicted that the plaintiff, immediately after discovery of the judgment, brought this suit to vacate said judgment and to enjoin its enforcement. We think this sufficient to meet every presumption to the contrary, and sufficient to support the finding that plaintiff had no such knowledge, and for this reason we must answer the second inquiry in the negative.

As to the third inquiry, we have gone over with care, not only the briefs, but the entire evidence and record in this cause, and have weighed the same, and we are of the opinion that the findings of the trial court in all respects are properly supported by the evidence and are not against the clear weight thereof.

In the case of Oklahoma Stock Yards Nat. Bank v. Pierce, 114 Okla. 25, 243 Pac. 144, the court said:

"A judgment procured without service of process is a fraud not only on the party against whom the judgment is rendered, but on the court as well, and is always, as between the parties thereto, subject to attack,

either collateral or direct, regardless of the name the remedy employed may bear."

Section 185, C. O. S. 1921, is as follows:

"Civil actions * * * can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards; * * * Within two years; * * * An action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

In Guthrie v. McKennon, 19 Okla. 306, 91 Pac. 851, the court said:

"The petition alleges that the fraud or fraudulent transaction complained of was not discovered until July 15, 1903, and the action having been brought October 30, 1903, it was brought within time under the provisions of the statute (Wilson's Ann. St. 1903, sec. 4216, being sec. 185, C. O. S. 1921), and was not barred by its limitations."

The judgment sought to be set aside in that case by a court of equity was rendered November 30, 1900.

We have also examined the petition, and we hold that it states a cause of action, and further we hold that the demurrer to the plaintiff's petition and also his demurrer to the evidence of plaintiff were properly overruled.

The requirement that the trial court made, that the plaintiff appear generally in the cause and waive any statute of limitations and try the case upon its merits, which condition seems, by the record, to have been agreed to and concurred in by the plaintiff, renders it certain that this cause shall be tried finally upon its merits, and we hold that the action of the trial court is in all respects proper and the judgment should be affirmed.

DIFFENDAFFER, LEACH, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 32 Cyc. p. 464. (2) 4 C. J. p. 880, §2853. (3) 34 C. J. p. 258, §487. (4) 34 C. J. p. 358, §573.