### SEEKATZ v. BRANDENBURG.

No. 20061.    Opinion Filed June 23, 1931.

E. G. Wilson, R. C. Searcy, and Arthur B. Honnold, for plaintiff in error.

G. C. Spillers and Donald Prentice, for defendant in error.

CLARK, V. C. J. This is an equitable action to set aside a judgment and restrain the sale of lands thereunder commenced in the district court of Tulsa county, by defendant in error, A. Brandenburg, by his next friend, F. J. Brandenburg, against J. A. Seekatz, C. E. Little, Falby Little, and R. D. Sanford, sheriff of Tulsa county, of which defendants below J. A. Seekatz alone appears as plaintiff in error herein.

The parties will be referred to as they appeared in the court below.

Plaintiff alleged, in substance, that defendants C. E. and Falby Little executed note and mortgage to him on August 25, 1923, for $1,725; and again on September 9, 1924, executed to him note and mortgage for $1,775, secured by the lands in controversy; that the last-mentioned mortgage contained a provision, "subject to an incumbrance of $2,000," which provision was made by the said C. E. and Falby Little for the purpose of imposing upon and defrauding him; that in truth and in fact no such incumbrance existed; that thereafter, on or about March 1, 1926, defendants C. E. Little and Falby Little executed a purported note and mortgage to defendant J. A. Seekatz for $2,000 secured by the lands in controversy, which was never recorded; that defendant J. A. Seekatz commenced an action in the district court of Tulsa county, No. 35541, entitled J. A. Seekatz v. C. E. Little et al., to foreclose his mortgage; that plaintiff herein was made a party defendant; that a purported service of summons, was had on plaintiff; judgment was entered therein by default; plaintiff J. A. Seekatz's lien therein was adjudged superior to lien of plaintiff herein; order of sale of the lands was issued, and the lands advertised for sale.

Plaintiff alleged that he was 86 years of age, incompetent and unable to handle his business affairs, and had been during all the times mentioned herein; that no guardian had been appointed for him; that by reason of plaintiff being incompetent at the time cause No. 35541 was filed against him, he neither attempted to, nor made defense or appearance in said action; that he was wholly incompetent to understand the nature of the proceedings; that his lien is superior, prior, and paramount to claims of defendants C. E. Little, Falby Little, and J. A. Seekatz; that the judgment in cause No. 35541 was based upon false and perjured testimony, known to be false and perjured by defendant J. A. Seekatz, plaintiff in said cause No. 35541; that plaintiff will sustain irreparable injury and damage, and has no adequate remedy at law to protect him; prayed that the judgment in cause No. 35541 be vacated, set aside, and held for naught, and he be permitted to defend said cause; that the sale of the property be enjoined.

Notes and mortgages of plaintiff and judgment in cause No. 35541 attached as exhibits. Petition was duly verified by the next of friend. Restraining order was issued. Motion of defendants filed to dissolve on grounds issued without notice and petition failed to state cause of action. Overruled. Demurrer of defendants was filed. Overruled. Defendants filed answer. Leave to file amended petition granted.

Amended petition was filed, showing style of cause: "A Brandenburg, an incompetent, by F. J. Brandenburg, his guardian," plaintiff, as against the same defendants as original petition; alleged, in substance, that since filing of the original petition, A. Brandenburg had been adjudged an incompetent and F. J. Brandenburg, his next friend in original petition, was appointed his guardian; alleged about the same allegations as in original petition, but did not make original petition a part of amended petition; that no personal service was had on plaintiff, A. Brandenburg, in cause No. 35541; that purported service was false and untrue; that the judgment in cause No. 35541 was secured by fraud and false testimony, and known to be false and perjured by defendant J. A. Seekatz, plaintiff in cause No. 35541. Prayed for same relief as in original petition. Same was duly verified by guardian. Same exhibits attached as in original petition.

Motion filed by defendants on grounds of

departure. Overruled. Demurrer filed by defendants on grounds petiticn as amended fails to state cause of action; plaintiff has no legal capacity to prosecute action; action not comenced by person competent to maintain the action. Overruled.

Amended answer of defendants was filed by way of general denial. Admitted the execution of plaintiff's note and mortgage. Alleged plaintiff had both actual and constructive notice of the pendency of the action, No. 35541, and that the judgment rendered therein was rendered with the knowledge and consent and by permission of A. Brandenburg and his agent, F. J. Brandenburg. Denied the incompetency of A. Brandenburg at the time of the commencement of cause No. 35541 or the rendition of the judgment. Denied his incompetency at this time. Also set up transactions had between defendant J. A. Seekatz and defendants C. E. and Falby Little, and alleged notice thereof by plaintiff herein. Prayed that plaintiff take nothing, and that they have their costs and other proper relief.

Motion to strike and demurrer of plaintiff overruled.

Plaintiff replied by way of denial of allegations of new matter set up by defendants.

Judgment was entered for plaintiff, vacating the judgment in cause No. 35541, and enjoining the sale of the lands and the enforcing of the execution based on the said judgment.

Motion for new trial filed by defendant J. A. Seekatz. Overruled. Exception. Notice of intention to appeal given by J. A. Seekatz. Defendant J. A. Seekatz brings the cause here for review.

The trial court made the following findings of fact:

"The court further finds that at the time of the purported service of summons in the case of J. A. Seekatz, Plaintiff, v. A. Brandenburg and C. E. Little and Falby Little, No. 35541, in the district court of Tulsa county, Okla., the said A. Brandenburg was wholly incompetent, within the meaning of the law, and wholly incompetent to transact his buisness affairs.

"The court further finds that the return of the officer in cause No. 35541 entitled 'J. A. Seekatz, Plaintiff, v. A. Brandenburg et al., Defendants,' above mentioned, was false and untrue, and that no service of summons in said cause No. 35541 in the district court of Tulsa county, Okla., was made on the plaintiff, A. Brandenburg, and that the said plaintiff, A. Brandenburg, did not enter his appearance in said cause, and had no notice thereof"

—together with other findings of fact not necessary to consider, and entered judgment as follows:

"It is, therefore considered, ordered, adjudged, and decreed by the court, that the judgment heretofore entered in cause No. 35541, in the district court of Tulsa county, wherein defendant, J. A. Seekatz, was plaintiff, and plaintiff, A. Brandenburg, and defendants C. E. Little and Falby Little were defendants, be, and the same is hereby vacated, set aside, and held for naught, and the defendants, their agents, attorneys, deputies, and any and all other persons acting under or by virtue of any authority from them, or any of them, be, and they are hereby perpetually enjoined from asserting, or attempting to assert, any right by virtue of said judgment, or from any manner attempting to enforce the same by execution or otherwise."

Plaintiff in error contends that the court erred in overruling his demurrer to the original petition and amended petition on the ground of departure.

In the case of Owen v. State ex rel., 133 Okla. 183, 271 Pac. 938, in the opinion, on page 189 of Okla. Rep., this court said:

"It is settled law that, where an amended pleading is filed as a substitute for the other pleading, or filed without expressly adopting the original pleading, the allegations of the prior pleading, except as repeated in the amended pleading, are wholly abandoned, and no reference whatever can be made to the original pleading in determining whether or not a demurrer should be sustained to the pleading in its amended form."

There is no departure in the amended petition from the original petition. The amended petition merely sets out fully plaintiff's contention why the summons was not properly served.

The action at bar is a direct attack on the judgment rendered in cause No. 35541.

In the case of Continental Gin Co. v. De-Bord, 34 Okla. 66, 123 Pac. 159, first paragraph of the syllabus, this court said:

"A 'direct attack' on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law."

In the case of Jones v. Snyder, 121 Okla. 254, 249 Pac. 313, first paragraph of the syllabus, this court said:

"In determining whether an action is a collateral or direct attack upon a judicial proceeding, the rule is, that whenever an action to set aside a judicial proceeding upon specified grounds is authorized by law or

equity to be brought for such purpose upon such grounds, and is brought upon such specified grounds, and for the express and definite object of setting aside a judicial proceeding, and the parties in interest are duly summoned and given opportunity to contest the issues raised by the pleadings in such action, then such action is a 'direct attack' and may be maintained."

Section 810, C. O. S. 1921, provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

"Second: By a new trial granted in proceedings against defendants constructively summoned.

"Third: For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order.

"Fourth: For fraud, practiced by the successful party, in obtaining the judgment or order.

"Fifth: For erroneous proceedings against an infant, or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.

"Ninth: For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

Section 812, C. O. S. 1921, provides:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions 4, 5, 6, 7, 8 and 9, of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

In the case of Griffin v. Jones, 45 Okla. 305, 147 Pac. 1024, this court held in the fourth, fifth and seventh paragraphs of the syllabus as follows:

"4. On the 12th day of February, 1912, and after the expiration of the term at which the judgment was rendered, defendants A. S. Griffin, Chas. A. Sandals and Sterling Oil Company filed their motion to vacate said judgment, assigning therefor the invalidity of the publication notice issued and published, and want of jurisdiction of the court over them. They also assigned various other irregularities in the proceedings, including the allegation that the complaint failed to state a cause of action. The court denied said motion. Held, that, as-suming said motion contained both jurisdictional and nonjurisdictional grounds, and the filing of same constituted a general appearance, yet, if there were such irregularities in the proceedings affecting defendants' substantial rights, it was the duty of the court to have vacated said judgment.

"5. Assuming that defendants, by filing their motion to vacate the judgment, made a general appearance, such appearance waived only the jurisdiction of the court over them, and did not waive any of the irregularities in the proceedings and judgment which deprived them of a substantial right. Upon the hearing of such motion, if it clearly appeared that such irregularities existed, or that the judgment was unjust and inequitable, it was the duty of the court to vacate said judgment and to hear said cause on the merits. * * *

"7. Upon a hearing of the petition in error from the order denying the motion to vacate the judgment, it appears from the pleadings and judgment that said judgment was void for want of jurisdiction of the court over defendants, and it further appears that there is such irregularity in the proceedings and judgment complained of as deprived defendants of a substantial right, and it is apparent the judgment is unjust and inequitable; the order of the court denying the motion to vacate constitutes reversible error."

And in the opinion in the last case, supra, at page 314 of Okla. Rep., this court said:

"The rule established by this court, following the decisions of the Supreme Court of Kansas in holding that a general appearance, after rendition of judgment, has the effect to validate a void judgment, often results in hardships, and, in effect, a denial of justice, and should not be extended beyond the reason of such rule. It has been said that a judgment which is void for want of service is no judgment at all; and to hold that after a judgment in form only has been entered against a party, which in fact and in law is no judgment, by his appearance in an effort to relieve himself from such judgment which is apparently valid, but which in fact is void, is carrying the rule of estoppel and waiver to the extreme. Not only have defendants never had their day in court, but they have had no opportunity to have it, and without any fault on their part. If they have done nothing to forfeit their constitutional rights of a hearing, the right to appear and defend, other than to waive the jurisdiction of the court over their person in an effort to secure their legal rights in an orderly manner, and if irregularities appear upon the face of the record affecting their substantial rights, what valid reason can be assigned why they should not be allowed their day in court? We are told that, although this judgment was void prior

to the defendants' appearance, yet by appearing and on account of their indiscretion in challenging the judgment as inequitable, as well as on the grounds of jurisdiction of the court, they have waived all irregularities and errors, and are now estopped from raising any questions, other than jurisdictional; that it matters not how unjust and inequitable the judgment may be, notwithstanding the trial court may have grossly misconceived its authority and duty, and by reason whereof prejudicial error is obvious, yet the court is not warranted in granting relief. We are unwilling to subscribe to this doctrine. If it be true there is no express statutory authority warranting the court to grant relief, we believe in the interest of justice this court would have the inherent power under the constitutional grant of supervisory control over the inferior courts in enforcing that great principle of equity that, where there is a wrong, there is also a remedy. But we need not go to this extent, for we have both authority and precedent, based upon reason and justice, not only warranting, but impelling, action."

In the case at bar the defendant in error came into a court of equity by petition to set aside the judgment, and alleged his reasons why said judgment was void and alleged his defense to said action.

And in the case of Jones v. Snyder, 121 Okla. 254, 249 Pac. 313, fourth paragraph of the syllabus, this court said:

"If by fraud and misconduct, one is granted an unfair advantage in proceedings at law, where the court has been deceived and thereby made an instrument of injustice, equity will interfere to prevent the perpetrator from reaping the benefit of the advantage thus unfairly gained.

"In such case it matters little as to the mode or manner in which fraud is effected. A court of equity looks to the effect, and asks if the result is a consequence of fraud."

And in the case of Wise v. Davis, 132 Okla. 65, 269 Pac. 248, this court said:

"The fact that he may have challenged the validity of the service and the jurisdiction of the court to render any judgment will not justify the denial of his application to have the judgment opened."

And in the case of Ingram v. Ingram, 122 Okla. 59, 250 Pac. 795:

"Where a petition is filed, under subdivision 4, sec. 810, C. O. S. 1921, seeking to vacate a judgment on the grounds of fraud practiced by the successful party in obtaining the judgment, and an answer is filed, denying the allegations of the petition, and issues joined, and the same is tried to the court on the evidence adduced, this is in the nature of an independent action. * * *"

The plaintiff in error contends that the judgment is contrary to the evidence.

With reference to the service of summons on the defendant, A. Brandenburg, in cause No. 35541, the evidence shows: That a copy of the summons was left with F. J. Brandenburg, a son of A. Brandenburg, at the dental offices of the said F. J. Brandenburg, by the officer; left in the son's office; that F. J. Brandenburg was a married man, and was not living with his father, A. Brandenburg, at the time; that he lived at 1208 South Lewis Place, and his father was living at 811 South Rockford; that the officer asked him if his father came in there occasionally, and he told him at irregular times. The evidence showed the incompetency of A. Brandenburg. Return of the service therein by the officer showed personal service on A. Brandenburg.

In the case of Griffin v. Galbraith, 114 Okla. 208, 247 Pac. 339, first and sixth paragraph of the syllabus, this court said:

"1. A party is not precluded by a sheriff's return of service from showing its falsity. This is true even though the plaintiff in the cause was not privy to the fraudulent or negligent act of the sheriff through which a false return was made."

"6. A court of equity is primarily for the purpose of relieving persons from the effects of fraud which binds them technically under the strict legal system; and it is well settled that a court of conscience will not hear a party to predicate a right upon fraud."

Section 7 of art. 2 of the Constitution of the state of Oklahoma provides:

"No person shall be deprived of life, liberty or property without due process of law."

In an equitable action, the presumption is in favor of the finding of the trial court, and it will not be set aside, unless against the clear weight of the evidence. Crutchfield v. Griffin, 139 Okla. 35, 280 Pac. 1075.

An application to set aside a default judgment, filed after the term at which it was rendered, is addressed to the sound legal discretion of the trial court; and such discretion should always be so exercised as to promote the ends of justice; and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused, in view of section 810, subs. 7, C. O. S. 1921. Lott v. Kansas Osage Gas Co., 139 Okla. 6, 281 Pac. 297.

A review of the entire record does not disclose that the judgment of the lower court

was against the clear weight of the evidence. Affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.

McNEILL, J., disqualified.