LEWIS et al. v. COUCH.

No. 31582. Dec. 12, 1944.

*154 P. 2d 51.*

John T. Levergood and Reily & Reily, all of Shawnee, for plaintiff in error.

Randall Pitman and Randall Pitman, Jr., both of Shawnee, for defendant in error.

PER CURIAM. On May 10, 1943,

plaintiffs in error, hereinafter referred to as plaintiffs, filed in the district court of Pottawatomie county a petition, which was subsequently amended, to vacate a judgment which had theretofore been obtained in said court on November 30, 1938, by the defendant in error, hereinafter referred to as defendant.

The plaintiffs in their petition and the amendment thereto alleged, in substance, that the judgment sought to be vacated had been obtained by false and perjured testimony of the defendant with respect to the issue involved and which resulted in said judgment, and that plaintiffs had subsequently discovered the note which had been sued upon in said action and that the same had an endorsement thereon showing payment in full. Demurrer of defendant on the ground of failure to state a cause of action, the bar of the statute of limitations and laches was sustained. Plaintiffs elected to stand upon their petition, and thereupon the action was dismissed. Plaintiffs appeal and as grounds for reversal submit the following specifications of error:

"1. The court erred in sustaining the demurrer of the defendant in error to plaintiffs in error's petition and amended petition.

"2. The court erred in not overruling the demurrer interposed by defendant in error."

In support of the above propositions plaintiffs argue that their petition and the amendment thereto was filed upon the theory that the fraud practiced by the plaintiff in the original action was extraneous in that by the false testimony of the defendant the court was induced to render the judgment sought to be vacated, and in support of the contention so made rely upon Exhibit A attached to the petition, which is at fatal variance with the allegations of the petition in that it is a note which by its terms became due and payable on March 24, 1930, and is not the note sued upon in the former action in which the judgment sought to be vacated was rendered. Plaintiffs direct our atten-

tion to the cases of Kennedy v. Chadwell, 193 Okla. 304, 142 P. 2d 979; Seekatz v. Brandenburg, 150 Okla. 53, 300 P. 678; Stone v. Sullivan, 146 Okla. 113, 293 P. 232; Jones v. Snyder, 121 Okla. 254, 249 P. 313; Ross v. Breene, 88 Okla. 37, 211 P. 417; El Reno Mut. Fire Ins. Co. v. Sutton, 41 Okla. 297, 137 P. 700. An examination of the cited cases will reveal that they are wholly inapplicable to the case at bar for the reasons hereafter stated. As said in Stout v. Derr, 171 Okla. 132, 42 P. 2d 136:

"Demurrers to said petition to vacate having been sustained, the sole question for this court to review is whether or not the trial court erred in sustaining such demurrers and rendering judgment. There is no doubt that the trial court had authority to sustain demurrers to the petition, if the petition did not state facts sufficient to warrant the court in vacating the judgment sought to be vacated. Burton v. Swanson, 142 Okla. 134, 285 P. 839; Dardenne v. Daniels et al., 101 Okla. 201, 225 P. 152. In the last-cited case this court held as follows:

" 'Proceedings by petition under section 810, Compiled Oklahoma Statutes 1921 (sec. 556, O.S. 1931), to set aside a judgment for fraud practiced by the successful party in obtaining such judgment constitutes a 'civil action' and not a mere 'special proceeding,' and, when otherwise applicable and sufficient, it comes within the third ground of demurrer set out in section 268, Compiled Oklahoma Statutes 1921, as another action pending.'

"And in the opinion in the case of Burton v. Swanson, supra, it was said:

" 'There can be no question . . . but that the trial court had authority to sustain a demurrer to this petition, if the petition did not state facts sufficient to warrant the court in vacating the judgment sought to be vacated'."

It appears from the transcript of the record that every material issue presented in the petition to vacate the judgment had been tried and determined in the judgment sought to be vacated, and that the alleged newly discovered evidence consisted merely of a note which had not been involved

634

in the action which resulted in the judgment sought to be vacated, and that plaintiffs relied solely upon the allegation in their petition that the judgment had been procured by false and perjured testimony of the defendant, who was plaintiff in the action which resulted in the judgment. The rule applicable to such situation is that stated in O'Brien et al. v. Van Arsdale-Osborne Brokerage Co., 80 Okla. 174, 194 P. 1083:

"The doctrine is well settled that fraud, to be sufficient to vitiate a judgment, must be extrinsic to the issues tried and determined in the judgment sought to be vitiated. Pico v. Cohn, 91 Cal. 129, 25 Am. St. Rep. 159, 25 P. 970; United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Scott v. Abraham, 60 Okla. 10, 159 P. 270; Bleakley v. Barclay, 75 Kan. 470, 89 P. 906; Cummings v. McDermid, 4 Okla. 272-3, 44 P. 276; Estes v. Timmons, 12 Okla. 537, 73 P. 303; and also McIntosh v. Holtgrave, 79 Okla. 63, 191 P. 739-40, wherein this court, though holding that a judgment may be set aside for fraud, if extrinsic to the issues, yet expressly recognized the doctrine that such fraud must be extrinsic to the issues tried and determined in the judgment attacked.

"The cases of El Reno Mutual Fire Insurance Co. v. Sutton, 41 Okla. 297, 137 P. 700; Laithe v. McDonald 7 Kan. 254; and Davis et al. v. Jones (Tex. Civ. App.) 194 S.W. 727, are cited in support of plaintiff in error's contention, but El Reno Mutual Fire Insurance Co. v. Sutton, supra, is distinguished by this court in Scott v. Abraham, supra, and likewise Laithe v. McDonald, supra, is distinguished in note on page 166 of 25 Am. St. Rep.

"It is our opinion that the facts alleged in the petition herein are not sufficient to bring it within the apparent limitation of the general rule as announced in El Reno Mutual Fire Insurance Co. v. Sutton, supra, but that this case comes completely within the general rule."

See, also, Small v. White, 173 Okla. 83, 46 P. 2d 517; Davison v. Mutual Savings & Loan Ass'n, 181 Okla. 295, 73 P. 2d 455; Park v. Continental Oil Co.,

184 Okla. 314, 87 P. 2d 324; Cherry v. Gamble, 101 Okla. 234, 224 P. 960.

The petition and amendment thereto, together with the exhibit attached, wholly fail to state facts sufficient to authorize the relief sought, and therefore the trial court did not err in sustaining the demurrer of defendant thereto.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.