E. J. ELROD, Plaintiff in Error,

v.

S. G. DENNING, Defendant in Error.

No. 37614.

Supreme Court of Oklahoma.

May 21, 1957.

802

Sam S. Gill, Oklahoma City, for plaintiff in error.

Charles D. Scales, Cecil Rote, Oklahoma City, for defendant in error.

PER CURIAM.

On December 18, 1953, in case No. 14,-386, Court of Common Pleas of Oklahoma County, S. G. Denning obtained a money judgment by default against one E. J. Elrod. On April 5, 1954, Denning caused execution of said judgment to be levied upon a truck belonging to Elrod. On April 15, 1954, Elrod filed a petition to vacate the judgment and recall the execution, alleging that because he had an answer on file when the judgment was entered, and other reasons unnecessary to mention, said judgment was voidable and void. The petition prayed that the judgment be so decreed; that the execution issued be decreed to be void and recalled; that the plaintiff, S. G. Denning, and the Sheriff of Oklahoma County, Oklahoma, be enjoined from selling the truck so levied upon.

Summons was duly issued and served upon Denning, and on April 17, 1954, he filed three separate pleadings, first, a special appearance and motion to quash, second, a special demurrer challenging the jurisdiction of the trial court, third, a plea to the jurisdiction of the trial court to issue an injunction. On April 17, 1954, and before the time specified in the summons for the filing of an answer, a hearing was had upon defendant's petition to vacate relative to the issuance of a temporary injunction against the sheriff's sale of the truck, which resulted in the court's denial of the application for a temporary injunction. The sheriff was not a party to the action, nor is it shown that he made appearance at the hearing. Thereafter, on April 19, 1954, Elrod filed a dismissal without prejudice of his petition to set aside the judgment. On September 27, 1955, in case No. 20,393, Court of Common Pleas of Oklahoma County, Elrod, as plaintiff, sued Denning, by petition, which had for its specific purpose the setting aside and vacating of the above referred to judgment. The petition alleged facts sufficient, if true, to raise the question of the validity of the judgment. Denning answered by way of general denial and plea of res judicata. Thereafter, on March 14, 1956, the trial court entered its order consolidating case No. 20,393, with case No. 14,386, and on June 20, 1956, the case was submitted to the trial court, at which time Denning made oral objection of any evidence on the part of Elrod on the grounds of res judicata, contending that the matter was fully determined upon its merits at the hearing had relative to the application for temporary injunction. The trial court sustained said objection and rendered judgment for Denning, the pertinent part of said judgment being as follows:

"Thereupon, the plaintiff in addition to his answer orally entered an objection to the introduction of any evidence, and moves for judgment on the grounds that the entire matter was and is res adjudicata, which motion and objection the court found should be sustained.

"Whereupon the defendant made offer of evidence in support of his petition to vacate default judgment, to all of which offers the court sustained the plaintiff's objections, to all of which the defendant excepted.

"It is, therefore, considered, ordered, and adjudged that all matters and things involved in said petition to vacate judgment are res adjudicata, and the defendant is denied any and all relief, and judgment is rendered for the plaintiff for costs."

From the judgment rendered, Elrod appeals.

The question decisive of this appeal, is whether, at the proceedings relative to the court's denial of the temporary injunction, the particular point or question now raised by Elrod's petition to vacate the judgment was actually or necessarily in issue and decided in that action.

No useful purpose could be served by a resume of the various and sundry citations of authority dealing with the question of res adjudicata. The law is well settled in this jurisdiction, that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions involving the same matter, directly in question in the same or any other court of concurrent jurisdiction. On the other hand it is equally well settled, that a judgment in a former action does not operate as a bar to a subsequent action, where the cause of action is not the same, although each action relates to the same subject matter.

In Alfrey v. Colbert, 44 Okl. 246, 144 P. 179, this court held that the following elements should be apparent to constitute a good plea of res judicata; first, the parties or their privies must be the same; second, the subject-matter of the action must be the same; third, the issues must

be the same, and must relate to the same subject-matter; fourth, the capacities of the persons must be the same in reference to the subject-matter and to the issues between them. Where these elements are clearly apparent, the plea should be sustained. See, also, Cox v. Colbert, 135 Okl. 218, 275 P. 317; Johnson v. Whelan, 186 Okl. 511, 98 P.2d 1103, 1104.

In the last cited case in paragraph 2 of the syllabus this court said:

"Where an estoppel by a former judgment rendered upon one cause of action is sought to be applied to matters arising in a suit in a different cause of action, the inquiry is whether the question of fact in issue in the latter case is the question of fact actually determined in the former action, and not what might have been litigated and determined therein."

From the record here presented, it is readily apparent that all of the issues of the instant case could not have been litigated at the hearing relative to the application for temporary injunction. One of the primary issues in the instant case is whether or not there was any fraud in the procurement of the judgment obtained by Denning, and whether it therefore should be set aside.

In the case of Lewis v. Couch, 194 Okl. 632, 154 P.2d 51, this court said:

"A petition to vacate a judgment for fraud practiced by the successful party in obtaining the judgment is authorized by 12 O.S.1941 § 1031, subd. 4, and is in the nature of an independent action."

We are equally impressed with the failure of the court's order denying the temporary injunction, to disclose upon what basis such order was rendered. Whether it was based upon a finding by the trial court that the judgment was valid in all respects, or upon the court's apparent lack of jurisdiction to issue a temporary injunction against the third party sheriff who was not a party to the action, or present in court, we are unable to determine. However, it must be here noted that at the time of such hearing, Denning was challenging only the court's jurisdiction. He had not filed an answer to Elrod's petition making up the issues between them, nor at that time was he bound to do so. It therefore follows that the court must have been dealing only with the jurisdictional question, and was not deciding the matter upon its merits.

For the reasons herein given we are of the opinion that the judgment of the trial court finding the matter to be res judicata, is in error.

The judgment is accordingly reversed and this cause remanded with directions to proceed in conformity herewith.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by the Commissioners, the cause was assigned to a Justice of this Court. Therefore, upon report and consideration in conference, the foregoing opinion was adopted by the Court.