The FIRST NATIONAL BANK AND TRUST COMPANY OF MUSKOGEE, Successor Trustee of the Trust Estate of Lascelles W. Cranston, Deceased, Plaintiff in Error,

v.

R. C. ROBERTS, Administrator of the Estate of Mabel W. Burleson, Deceased, Defendant in Error.

No. 42589.

Supreme Court of Oklahoma.

March 31, 1970.

A. Carl Robinson, Hardy Summers, Julian B. Fite, Muskogee, for plaintiff in error.

R. M. Mountcastle, Muskogee, Joe R. Boatman, Muskogee, for defendant in error.

WILLIAMS, Justice:

R. C. Roberts, Administrator of the Estate of Mabel W. Burleson, deceased, filed his petition in the trial court seeking a determination relieving that estate of any liability to The First National Bank and Trust Company of Muskogee, successor trustee of the trust estate of Lascelles W. Cranston, deceased, for the acts of Mabel W. Burleson occurring during her lifetime in the performance of her duties as trustee of the trust estate of Lascelles W. Cranston, deceased. From a judgment sustaining plaintiff's petition, defendant successor trustee appeals.

On appeal, reference will be made to the parties as they appeared in the trial court.

The determinative issue before us on appeal is the effect of a final decree entered in a probate proceeding and of a judgment entered by the district court, both of which interpreted provisions relating to a testamentary trust contained in a holographic will dated April 23, 1953, and executed by Lascelles W. Cranston. After making initial directions and specific bequests, the pertinent part of the Cranston will involved herein provides:

"All the rest, residue and remainder of my estate and property of whatsoever nature and wherever situate whereof I may die siezed [sic] or possessed I bequeath to my said associate in joint ventures Mabel W. Burleson aforesaid my executor and trustee hereinafter named for the following uses and purposes, to-wit:

"* * * I will and direct that the entire net income and interest * * * shall belong to the said Mabel W. Burleson aforesaid for and during her lifetime or until she changes her marital status by remarriage, and no longer and she shall not be called upon to make any accounting to any person whatsoever for such interest and net income received from said trust estate."

"6. Immediately upon the death or remarriage of said Mabel W. Burleson, I hereby will and direct, nominate, constitute and appoint the First National Bank and Trust of Muskogee, Oklahoma, Trustee for the purpose only of liquidating and distributing the Trust Estate property and funds to the devisees hereinafter named after payment of liquidating expenses to-wit: (naming testator's brother Charles' two daughters and Mrs. Burleson's daughter as devisees to share equally).

Lascelle W. Cranston died in December, 1953, and his above mentioned will was duly admitted to probate in the County Court of Okmulgee County, Oklahoma. In April, 1956, the final decree was entered in the probate proceeding. The pertinent parts of this final decree, as applicable

to the questions and testamentary trust involved herein, are as follows:

\*　　\*　　\*　　\*　　\*　　\*

"19. That, in order to properly distribute decedents estate, the court not only has the authority to, but also should of necessity, construe and interpret said Will;

"That this Decree, construing and interpreting said Will, is to be read in its entirety, without reference to any other instrument, and the construction and interpretation of said Will, as hereinafter set out constitutes the sole and only instrument transferring decedent's estate;"

\*　　\*　　\*　　\*　　\*　　\*

"B"

"All the rest and residue of decedent's estate be, and it is, hereby distributed, transferred, vested, assigned and conveyed to Mabel W. Burleson as trustee of the trust created by the Will of Lascelles W. Cranston, deceased, as construed and interpreted in this Decree.

"TO HAVE AND TO HOLD the same in trust *for her own use and benefit during her natural life* or until she re-marries.

"During her lifetime, or until she re-marries, the said Mabel W. Burleson *shall hold, use and deal with said property without any restriction whatsoever just as if she were the owner in her individual capacity of the fee simple title,* and she shall not be required to make a bond, or give other security, for the faithful performance of her duties as said trustee, or to make an accounting to any person." (Emphasis added).

\*　　\*　　\*　　\*　　\*　　\*

"Immediately upon the death or re-marriage of the said Mabel W. Burleson, *the title and possession of all property then remaining in her hands as trustee* shall vest in, and be delivered to, The First National Bank and Trust Company of Muskogee, Oklahoma, as trustee for the purpose only of liquidating the trust property, and distributing the funds." (Emphasis added).

Subsequent to the entry of the final decree in the probate proceeding, and within a few months thereafter, Mabel W. Burleson in her capacity as trustee of the testamentary trust, filed in the District Court of Muskogee County her petition, pursuant to the Oklahoma Trust Act, then 60 O.S.1951, § 175.1 et seq., seeking an interpretation of the testamentary trust created in the last will of Cranston. Defendant successor trustee herein, as well as the residuary beneficiaries named in the Cranston will, were made parties to the proceeding.

In its judgment entered on November 28, 1956, in the above proceeding, the district court found, inter alia, that the County Court of Okmulgee County had jurisdiction to enter the final decree in the probate proceeding and that such decree had not been appealed and was res judicata and binding; that the testator Lascelles W. Cranston was not a lawyer and did not have the assistance of a lawyer in the drafting of his holographic will; and that two paragraphs of the will of Cranston relating to final distribution of the trust properties and to the residuary legatees or devisees were ambiguous. In its conclusions of law the district court interpreted the provisions of the Cranston will creating the testamentary trust in precisely the same language (with the minor change of one word) as had the final decree entered by the county court in the probate proceeding. There was no appeal from this judgment of the district court.

Mabel W. Burleson occupied the position of trustee of the trust involved herein until her death in December, 1965. Subsequent to her death, plaintiff, administrator of her estate, filed his petition herein seeking a determination that he had correctly advised defendant of all property for which he had any liability to deliver to defendant as successor trustee of the trust created by Cranston's will and that the above recited judgment of the district

court was res judicata. Defendant answered by alleging that Burleson had disposed of properties of the trust during her lifetime for which she had made no accounting and that plaintiff, as administrator, should now make such an accounting.

At trial, defendant offered to prove that Burleson during her tenure as trustee had disposed of approximately $91,000 of property belonging to the trust. This offer was denied by the trial court. However, defendant admitted that plaintiff presently held no property belonging to the trust which he, plaintiff, could be ordered to deliver to the defendant successor trustee.

At the conclusion of trial, the court entered judgment for plaintiff. From this judgment and an order overruling its motion for new trial, defendant appeals.

On appeal defendant contends the trial court erred in holding that in view of the interpretation of the provisions of the testamentary trust involved herein by the judgment of the district court in November, 1956, Mabel W. Burleson could not be held accountable for any properties belonging to the trust which she had disposed of and applied to her own use.

The above quoted language of the will appears to make Burleson the income beneficiary of the trust with no interest in the corpus. However, the language of the final decree entered in the probate proceeding, which language was reiterated in the judgment of the district court, states that the trust properties are assigned and conveyed to Mabel W. Burleson to hold in trust " * * * for her own use and benefit during her natural life or until she re-marries," that Mabel W. Burleson " * * * shall, use and deal with said property without any restriction whatsoever just as if she were the owner in her individual capacity of the fee simple title," and that upon the death or re-marriage of Mabel W. Burleson " * * * the title and possession *of all property then*

*remaining* in her hands as trustee shall vest in" the successor trustee. (Emphasis added).

The effect of the evidence of the parties was that Mrs. Burleson had used the funds that came into her hands during her administration of the trust, for her own use and benefit as authorized by the decree of distribution of the county court and the judgment of the district court interpreting the decree and trust and that the administrator of her estate after her death had turned to the successor trustee any identifiable property of the trust.

■ In our opinion, the above recited language of the final probate decree and of the district court judgment clearly provides that Mabel W. Burleson was empowered to invade the corpus of the trust estate and apply the proceeds of such to her own use and benefit without any restriction whatsoever. At her death or remarriage, only the corpus "then remaining" was to be delivered to the successor trustee, defendant herein, for distribution as provided.

■ Pursuant to 60 O.S.1961, § 175.23, subd. A, the district court has original jurisdiction to construe the provisions of any trust instrument and to determine the law applicable thereto. As recited above, Mabel W. Burleson, in 1956, brought an action in district court for the construction of the testamentary trust. All parties to the action now before us were parties to the previous suit. From the record herein, it appears the question presented in 1956 and answered by the district court was identical to the issue placed before the trial court herein. As noted herein the 1956 judgment was never appealed. There has been no contention raised herein that the prior judgment was obtained by fraud or collusion. In view of these facts, it is our opinion that the 1956 judgment is res judicata of the issue involved in the case at bar. Elrod v. Denning, Okl., 311 P.2d 801.

In view of our determination herein, discussion of other questions presented on appeal is unnecessary.

The judgment of the trial court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON and JACKSON, JJ., concur.

HODGE, LAVENDER and McINERNEY, JJ., dissent.