Jerry ANDERSON, Appellee,

v.

Jerry TICKNOR, Appellant.

No. 50089.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 25, 1977.

Released for Publication by Order of Court of Appeals Nov. 17, 1977.

**1246**

Shipp & DeWitt by John E. Shipp, Idabel, for appellee.

Donald M. Stevenson, Idabel, for appellant.

ROMANG, Judge:

This case involves a motion to set aside a default judgment on the ground that the defendant was never properly served. Appellant Jerry Ticknor (Defendant) was sued by Appellee Jerry Anderson (Plaintiff) for unpaid insurance premiums. Process was served on Defendant's wife at her home.[1] A motion for a default judgment was mailed to his last known place of employment and a judgment was rendered. On receipt of an Order for a hearing on assets the Defendant filed his "Motion to Set Aside and Vacate Judgment." After a hearing the trial judge denied the motion and Defendant appeals.

The decision to vacate a default judgment rests in the sound discretion of the trial court and the court's decision will not be disturbed upon appeal unless that discretion is clearly abused. *Burroughs v. Bob Martin Corp.,* 536 P.2d 339 (Okl.1975). Even so, "a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused." *Burroughs, supra* at 343. Since the judgment was not set aside, we examine this appeal under the weaker standard for abuse of discretion.

The return of the private, appointed process server provided that he "served JERRY TICKNOR by leaving a copy of said summons with a copy of the petition attached at his home, which is his usual place of

---

1. It was argued below that the summons was never actually left with the wife. We agree with the trial court that this issue is precluded by the Defendant's verified "Motion to Set Aside and Vacate Judgment" which admitted "that a summons was left at . . . [Defendant's] purported usual place of residence . . . ."

residence, with MRS. JERRY TICKER [sic], a member of his family over fifteen (15) years of age." (All was printed except underlined portions which were typed). At the hearing the Defendant, his wife, and his son testified that the Defendant and his wife had been separated and living apart from January, 1975 until the hearing on April 21, 1976 including the time when the summons was left with the wife, i.e. August, 1975. The only evidence put on by the Plaintiff was copies of Defendant's unsigned Application for Homestead Exemption for 1975 and 1976. Thus the only evidence in support of the contention that the Defendant's "usual place of residence", 12 O.S.1971, § 159, was where the wife was served was the return and the Application for Homestead Exemptions for 1975 and 1976.

While it is true that the recital of service at Defendant's usual place of residence by leaving it with Defendant's wife is a prima facie case of proper service,[2] *Jones v. Reser,* 61 Okl. 46, 160 P. 58 (1916) and "cannot be contradicted or impeached by the uncorroborated testimony of the *party shown to have been served* " (emphasis added), *Wilson v. Upton,* 373 P.2d 229, 231 (Okl.1962), the return was contradicted here by three witnesses including "the party shown to have been served," i.e. the Defendant. Furthermore, no evidence was submitted to strengthen this prima facie case. Indeed, the recital is not entirely inconsistent with the testimony since it is admitted that it was served on the wife. Our only question is whether the wife was then located at the Defendant's usual place of residence. While the return says that it was served at the Defendant's usual place of residence, this is a portion of the printed language and ought not to be overly persuasive to any fact finder.

The fact that the Defendant had a homestead exemption on the property where the wife was served is argued to be relevant in that a homestead means "the actual residence of a natural person who is a citizen of the State of Oklahoma, provided the record actual ownership of such residence be vested in such natural person residing and domiciled thereon . . . ." 68 O.S.1973 Supp., § 2406. Furthermore, the "taxpayer shall notify the county assessor the year following any change in the use of property with homestead exemption thereon." 68 O.S.1973 Supp., § 2409.1(C)(1). A homestead exemption once granted continues for each succeeding year provided certain conditions, including taxpayers qualifications, do not change. 68 O.S.1973 Supp., § 2409.1(A)(3). Consequently, proof of homestead on January 1 sufficient to earn the exemption for the year, 68 O.S. 1973 Supp., § 2406, does not necessarily prove "actual residence" during the year. Even the obligation to notify the county assessor of a change does not bind the taxpayer until "the year following any change . . . ." 68 O.S.1973 Supp., § 2409.-1(C)(1) and (3).

Furthermore, it is clear that the quality of "residency" necessary to support the purposes of a homestead exemption are not necessarily the same as the "residency" necessary to support service of process. 12 O.S.1971, § 159. While not irrelevant, it has limited probative value and does not meet the contrary evidence in this case.

We think the evidence conclusively showed that Defendant was not residing at the wife's place of residence from January, 1975 until the hearing in 1976, including the time of purported service. While the wife's residence has been held to be the presumptive residence of the husband, the Supreme Court has carefully noted this was so only in the absence of evidence of separation. *Jones v. Reser, supra,* and *Latson v. Eaton,* 311 P.2d 231 (Okl.1957). In *Heiny v. Sommers,* 131 Okl. 214, 268 P. 287 (1928) the Supreme Court said:

2. The cases cited and found dealt with a presumption in favor of a recital served by a sheriff or deputy sheriff. The considerations favoring the recital of a public official might be

different when applied, as here, to a private process server. Considering our decision we need not decide this question and express no opinion thereon.

"The words 'usual residence' must have some significance; they must indicate the place at which one is accustomed to live; and the provision that a summons may be served upon a member of defendant's family and at his usual place of residence is not complied with by simply delivering a summons to a member of one's family." 268 P. at 290.

In *Latson, supra,* the Court reversed a trial court's denial of a motion to vacate a default judgment even though the summons had in fact been delivered to the wife at the husband's usual place of residence but where the wife had failed to notify the husband. In that case the evidence was substantial, the defendant promptly filed his motion, and no intervening rights had come about. While that case is not identical to ours, it does emphasize the importance of granting the defendant a reasonable opportunity to be actually notified.

 We believe the trial court abused his discretion when he denied the Defendant's motion in the face of almost uncontradicted evidence that Defendant was not living with his wife for some considerable time before, during and after service and that he did not receive actual notice. The mailing of the motion for a default judgment to his business address is insufficient even if it was his business at that time. *Seekatz v. Brandenburg,* 150 Okl. 53, 300 P. 678 (1931) and *Cohen v. Cochran Grocery Co.,* 70 Okl. 168, 173 P. 642 (1918).

The cause is reversed and remanded for further proceedings.

REVERSED AND REMANDED.

REYNOLDS, P. J., and BOX, J., concur.